### THE STATE, DEFENDANT IN CERTIORARI, v. DAVID BROM ET AL., PROSECUTORS.

#### Argued February 16, 1909—Decided June 7, 1909.

1. An indictment for the violation of section 31 of the Crimes act (*Pamph. L.* 1898, *p.* 803) must set forth the particular acts which it is alleged constitutes a disregard of the statute, and an averment that the defendants, as members of the common council of a borough, voted to pay one G. B. the sum of $553.13 "for which no appropriation had been made," is not sufficient to charge the defendants with the statutory offence of voting for the "disbursement of public moneys in excess of the appropriation respectively to any such board."

2. In an indictment for incurring "obligations in excess of the appropriation and the limit of expenditure provided by law for the purposes respectively of any such board," a crime is not sufficiently stated by the averment that defendants voted to purchase land, nothing appearing to have been done to consummate a purchase.

3. A charge that the defendants, as members of the common council of a borough, incurred an obligation "in excess of the appropriation" by giving a note in consideration of the conveyance of land, does not charge a violation of the statute. It should appear what appropriation or limit of expenditure has been exceeded.

---

On *certiorari* to Bergen Circuit.

Before Justices GARRISON, BERGEN and VOORHEES.

For the prosecutors, *Roe & Runyon* and *Gilbert Collins*.

For the state, *Ernest Koester*.

The opinion of the court was delivered by

BERGEN, J. Eight writs of *certiorari* were allowed for the purpose of testing the sufficiency of a like number of indictments found in the Bergen County Oyer and Terminer against the members of the common council of the borough of Park Ridge. Seven of them are substantially alike and are governed by the same legal rules, so that the disposition of one will control the result in all. The remaining indictment contains counts not embraced in the others which require separate consideration, and will be dealt with after I have disposed of the others.

One of the seven is an indictment against David Brom and five other defendants, and it charges that the defendants, as members of the common council of the borough of Park Ridge, "did willfully and unlawfully vote for the disbursement of public moneys in excess of the appropriation of Park Ridge in that the said defendants did vote to disburse the sum of $553.13 to George Bennett, for which no appropriation had been made, which the said defendants then and there knew."

This indictment is based upon section 31 of the Crimes act (*Pamph. L.* 1898, *p.* 803), which, *inter alia,* makes it a misdemeanor for the common council of any borough in this state to "disburse, order or vote for the disbursement of public moneys in excess of the appropriation respectively to any such board," or to "incur obligations in excess of the appropriation and limit of expenditure provided by law" for the purposes of any such board.

The statute relied on was first adopted in this state in 1876 (*Pamph. L., p.* 16) in substantially the form in which it now appears in section 31 of the Crimes act. In construing the act of 1876 Mr. Justice Van Syckel, in *State* v. *Halsted,* 10 *Vroom* 402, 411, said that it would not suffice to allege in the general words of the statute that the defendants did incur an obligation in excess of the appropriation; the particular act which constitutes such disregard of this statutory provision must be disclosed. The present indictment, after charging that the defendants voted to disburse public moneys "in

excess of the appropriation of said borough of Park Ridge," proceeds to disclose what it is alleged constituted the violation of the statute, and the question presented is whether it is sufficient. We think it is not, for it simply alleges that the defendants, as members of the common council, voted to disburse the sum of $553.13 to George C. Bennett for which no appropriation had been made; it does not charge that there should be a particular appropriation for this payment, or that the payment voted was in excess of moneys appropriated to the common council for the general purposes of the municipal government, out of which, for all that appears, the claim of Bennett might be properly paid. The charge is that no appropriation had been made to pay Bennett, but that does not imply that in paying Bennett it was required to exceed the money appropriated to the common council. The manifest intent of the statute is to forbid voting for the disbursing of public moneys in excess of the amount appropriated for disbursement, and not the prohibition of voting money to one for whom no particular appropriation has been made, so long as the money appropriated for the use of the borough is not exceeded. It may well be, in fact the presumption is, that payments to individuals by a municipal body are made from a general appropriation raised by taxation for the different branches of local government, which is the appropriation meant by the law, and not that there shall be a special appropriation to each person likely to become its creditor.

Under the Borough act of 1897 (*Pamph. L., p.* 285) the common council have power to raise and appropriate money for many different purposes, and the indictment should set out some facts showing which appropriation was exceeded, or that the payment could not properly be made because not within any of the purposes provided for.

In the present case, if the indictment be held sufficient, proof that the money had been voted to Bennett, and that no appropriation had been made to pay him, for it is not charged that no appropriation had been made to the common council, would be sufficient to convict the defendants, although the

general appropriation to the common council had not been exceeded. The facts set out disclose, not that no appropriation had been made to the common council, and therefore any disbursement would be in excess of appropriations, but that no appropriation had been made for this particular payment.

The remaining indictment contains two counts, the first charging Robert A Sibbald as mayor, and the other defendants as members of the common council of said borough, with unlawfully disbursing public moneys in voting to purchase certain land for which no appropriation had been made. This charges no crime, for voting to purchase is not an appropriation of the purchase price, and there is no averment that the purchase was ever carried out in any such way as to be binding on the borough. The second count charges that the defendants incurred "an obligation upon the said borough of Park Ridge in excess of the appropriation, by giving then and there to one Andrew Perry a note for $660 in consideration of the conveyance of certain lands," which obligated the borough to pay that sum. This count is also defective, for it does not state any fact which constitutes a violation of the statute. Incurring an obligation "in excess of the appropriation" is not enough, it must be "in excess of the appropriation and limit of expenditure provided by law for the purposes, respectively, of any such board." Under the act relating to boroughs and its supplements, the common council may incur obligations for certain purposes without any appropriation being made, and in order to bring the defendants within the terms of the law, the indictment should show that the obligation required an expenditure in excess of that provided by law. This indictment has not even the merit of following the words of the statute, and is entirely devoid of a statement of any particular fact or facts from which a violation of the law can be inferred. If the borough council had no power to make the note, and therefore it had no binding force, then, under *Marley* v. *State*, 29 *Vroom* 207, no crime was committed.

All of these indictments are defective and should be quashed, and an order will be entered in each case quashing the indictment.