## STATE v. CHARLES UTLEY.

*Attempt to Steal—Indictment.*

In an indictment for an attempt to steal, it is not necessary to specify the particular articles intended to be stolen.

INDICTMENT for an Attempt to steal, tried at Fall Term, 1879, of WAKE Superior Court, before *Avery, J.*

There were two counts in the bill of indictment, and the solicitor not insisting upon the first, the defendant was tried upon the second count, which is as follows: The jurors, &c, present that Charles Utley, on the 23rd of June, 1879, did attempt to commit an offence prohibited by law, to-wit, did

attempt to feloniously steal, take and carry away from the dwelling house of one John J. Norris, there situate, the personal goods, chattels and moneys of said Norris, therein contained, by then and there being in said dwelling house, and by ransacking the drawers, chests, bureau and closets in said dwelling house, with intent the personal goods, chattels and moneys of said Norris then and there being, feloniously to steal, take and carry away; but said Utley then and there did fail in the perpetration of the larceny of the personal goods, chattels and moneys of said Norris in the said dwelling house then and there being, and was intercepted and prevented from feloniously stealing, taking and carrying away the personal goods, chattels and moneys of said Norris in the said dwelling house, contrary to the statute in such case made and provided, and against the peace and dignity of the State.

The jury rendered a verdict of guilty, and the defendant moved in arrest of judgment, on the grounds that the bill did not set forth specifically, or with sufficient certainty describe, the personal property which the defendant was charged with attempting to steal, and that the articles should have been described with the same certainty as is required in an indictment for larceny. The court overruled the motion and pronounced judgment, from which the defendant appealed.

*Attorney General,* for the State.
*Mr. A. M. Lewis,* for the defendant.

DILLARD, J. The defendant was indicted for an attempt to steal, take and carry away from the dwelling house of John J. Norris the goods and chattels and moneys of the said Norris in said house contained, and an appeal being taken from the refusal of the judge to arrest the judgment, it becomes our duty to examine and consider the whole re-

cord, and to see whether there be any error in the overruling of the motion in arrest of judgment, or any defect otherwise in the bill of indictment not authorizing the court to proceed to judgment.

At common law, an attempt to commit a felony or a misdemeanor, whether it be such at common law or by statute, is indictable, and to constitute the offence it is essential that there be an intention to commit the particular crime or misdemeanor, and that some act be done directly tending and apparently adapted to its accomplishment. 2 Whar. Cr. Law, §§ 2686, 2694; Roscoe Cr. Ev., 100; 1 Rumel on Crimes, 44, 47.

The indictment in this case contains all the facts which enter into and constitute the offence charged. It alleges an intent to steal, an act done, dictated by the intention and reasonably adapted to effectuate the intent, by an unlawful entrance into the house of Norris, and an examination into the drawers, chests and closets therein, and such as would apparently have resulted in a larceny if not prevented by interruption or some other occurrence independent of the will of the defendant; and therefore as it seems to us, the indictment was legally sufficient, at least in its general frame. But the defendant, in his motion in arrest, makes the point that the bill is bad for uncertainty in this, that it does not specify the particular goods and chattels the defendant had an intent to steal.

In our opinion the offence was complete by a general intent to steal, and by the act of entrance into Norris' house and ransacking his drawers, chests and closets towards the commission of the larceny, and it was not necessary to specify and describe any particular articles intended to be stolen. It was equally a public injury, whether the attempt was with a general intent to steal, or upon a particular intent. And the charge made of a general intent sufficiently notified the defendant for all purposes of preparing his de-

fence, and in that form it was the only manner in which practically any protection could accrue to the public from the law making attempts to steal criminal. Evidently, if it be held necessary to specify in the bill the particular articles intended to be taken by the attempting thief, it would be a folly ever to indict for such attempts at all, for the state could never prove the particular intent moving the accused, provided he kept his mouth shut, and did not otherwise communicate what he intended to take. Upon authority, as well as upon reason, we think the indictment is not liable to be held defective on the ground of the omission to specify the articles intended to be stolen.

In *Regina* v. *Collins*, 2 Bennett & Heard's Lead. Cr. Cases, 478, the defendant was indicted for an attempt to commit a felony by putting his hand into another's pocket with intent to steal the *property in said pocket then being*, and there was no proof that there was anything in the pocket, the conviction was quashed for want of such proof. The annotator to this case in 2 Heard, *supra,* reconciles the dicision with other English cases by the suggestion that the decision in *Regina* v. *Collins* was required by the language of the indictment, and proceeded on the ground that as the intent charged was an intent to steal "*property in said pocket then being,*" there must be proof of the property in the pocket as laid.

The same view of *Collins'* case is taken in 2 Whar. Cr. Law, § 2698, and as thus explained the decision in that case, while it establishes that if a particular intent be charged to steal *property in the pocket then being*, there must be proof of the presence of property in the pocket, also establishes by implication at least that it might and would have been otherwise if the indictment had charged an intent to steal generally as in our case.

We therefore deduce the English rule to be that an indictment may be drawn charging the intent to steal gener-

ally, and without any mention of the specific articles intended to be stolen. And in harmony with this rule the law is generally held in America.

In Whar. Cr. Law, §§ 292 and 1282, it is said that in indictments for attempts to commit crimes in themselves indictable, it is not necessary to observe the same particularity as is required in indictments for the commission of the offence itself. And as illustrative of that position, he says an indictment for an assault with an intent to steal from the pocket is good without stating the goods or moneys intended to be stolen. In accordance with this statement of the rule, it has been decided in various states that the offence of attempts to commit larceny is complete by an intention to steal and an act done in pursuance thereof apparently efficient to carry out the the pupose, and·it is not necessary in the bill of indictment to aver the specific articles intended to be taken, as such fact is extrinsic and not essential to constitute a criminal attempt. *State* v. *Wilson*, 30 Conn., 500 ; *Comm.* v. *McDonald*, 5 Cush , 365 ; *People* v. *Bush*, 4 Hill, 133 ; *Spencer* v. *Ohio*, 13 Ohio, 401 ; *Hunter* v. *State*, 29 Indiana, 80.

In some of these cases it is true the proceeding was under statutes, but they were in affirmance of the common law, making generally only a change in the punishment, and not altering the essential facts necessary to constitute the offence nor the rules at common law prescribing the requisites of indictments.

We are of opinion therefore that the allegation of specific goods or moneys as being intended to be stolen by the defendant was intrinsic and not essential to the offence of attempt to steal, and that the indictment therefore need not have contained any averment or charge as to such specific articles.

There is no error. Let this be certified to the end that the court below proceed to judgment.

PER CURIAM.                              No error.