PEOPLE v. JOHN JONES, *alias* JOHN CONNOR.

*Picking an empty pocket.*

The fact that there was nothing to take is no defence to a prosecution for an attempt to commit a larceny from the person.

Exceptions before judgment from the Recorder's Court of Detroit. Submitted June 23. Decided June 29.

INFORMATION for an attempt to commit larceny from the person. Respondent was convicted below. Conviction sustained.

Attorney General *Jacob J. Van Riper* for the People.

*Daniel E. Prescott* for respondent. Conviction for an attempt to commit larceny is erroneous if it did not appear that there was anything to be taken: 1 Bish. Crim. Law § 671; *Reg. v. Collins* 1 Leigh. & Cave 471.

MARSTON, C. J. The respondent was charged with and convicted of an attempt to commit a larceny from the person, and the proof tended to show that he had put his hand into the outside cloak pocket of Emma Bellair; that there was no property of any kind in the pocket at that time and nothing therefore was taken therefrom. It was claimed that under such circumstances he could not be convicted.

We are of a contrary opinion. The charge is of an attempt to commit a crime. In burglary, and many cases of attempts, the intent is gathered from the taking or other act done. But this is not the only way of proving the intent; if it were, in many cases attempts to commit crime would go unpunished.

We fully concur in the views expressed by the Massachusetts court in *Com. v. McDonald* 5 Cush. 365. We think this is not only the better, but the only rule of law that could be adopted or recognized with safety to the rights of the public or of individuals.

It must be certified to the Recorder's Court that we discover no error in the record, and that court is advised to proceed to judgment.

The other Justices concurred.