COMMONWEALTH *vs.* ELIZABETH A. TIBBETTS.

Plymouth.   December 2, 1892. — January 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Abortion — Evidence — Allegations of Indictment.*

Evidence which is pertinent to the issue is admissible, although it may have been procured in an irregular or even an illegal manner.

It is not necessary to the maintenance of an indictment under the Pub. Sts. c. 207, § 9, for an attempt to procure the miscarriage of a woman, to aver that the woman was in fact pregnant, or that the defendant knew, believed, supposed, or suspected that she was pregnant.

INDICTMENT, charging the administering of medicine, using instruments, and unlawful means unknown to the grand jury, with intent to procure the miscarriage of certain women, and charging the publishing and circulating of certain letters giving information where and of whom assistance could be obtained for procuring the miscarriage of women pregnant with child.

At the trial, in the Superior Court, before *Fessenden,* J., the defendant, before the impanelling of the jury, moved to quash the indictment because certain counts, upon three of which she

was convicted, contained no averment that the woman was in fact pregnant, or that the defendant knew, believed, supposed, or suspected that she was pregnant; but the judge overruled the motion.

The government called one Tower, a police officer, who testified to searching the defendant's house, on September 20, 1891, under authority of a warrant to search for intoxicating liquors the premises of George F. Tibbetts, husband of the defendant, that being all the authority the officer had for being in the house. The witness further testified to finding certain instruments, being a vaginal speculum, a glass syringe, a steel needle, and a tin quart measure. One Brewster, a physician, testified that the speculum, the syringe, and the needle were instruments adapted to produce abortion.

One Ashport, a police officer, produced two letters, which he testified he took from the defendant's house at the time at which the instruments were taken, and under the same authority of a warrant to search for intoxicating liquors. A woman mentioned in the indictment identified one of the letters as being written by her, addressed to the defendant, and sent by her by messenger to the defendant. Another woman mentioned in the indictment identified the other letter as being written by her, addressed to the defendant, and mailed, postage prepaid, to the defendant. Each of the letters was admitted in connection solely with the count relating to the writer of the letter.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. M. Day & R. O. Harris*, for the defendant.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

ALLEN, J. But two points have been argued. The first is that the criminatory articles and letters found by the officer in the defendant's possession were not admissible in evidence, because the officer had no warrant to search for them, and his only authority was under a warrant to search her husband's premises for intoxicating liquors. The defendant contends that under such circumstances the finding of criminatory articles or papers can only be proved when by express provision of statute the possession of them is itself made criminal.

This ground of distinction is untenable. Evidence which is pertinent to the issue is admissible although it may have been procured in an irregular or even an illegal manner. A trespasser may testify to pertinent facts observed by him, or may put in evidence pertinent articles or papers found by him while trespassing. For the trespass he may be held responsible civilly, and perhaps criminally; but his testimony is not thereby rendered incompetent. *Commonwealth* v. *Dana*, 2 Met. 329, 337. *Commonwealth* v. *Lottery Tickets*, 5 Cush. 369, 374. *Commonwealth* v. *Intoxicating Liquors*, 4 Allen, 593, 600. *Commonwealth* v. *Welsh*, 110 Mass. 359. *Commonwealth* v. *Taylor*, 132 Mass. 261. *Commonwealth* v. *Keenan*, 148 Mass. 470. See also *Commonwealth* v. *Ryan*, *ante*, 403. 1 Greenl. Ev. §§ 254 *a*, 229. 1 Taylor Ev. § 922. 1 Bish. Crim. Proc. (3d ed.) § 246.

The defendant's second point is that three of the counts upon which she was convicted contained no averment that the woman was in fact pregnant, or that the defendant knew, believed, supposed, or suspected that she was pregnant. Under the statute describing the offence neither of these averments was necessary. Pub. Sts. c. 207, § 9. *Commonwealth* v. *Jacobs*, 9 Allen, 274. *Commonwealth* v. *Taylor*, 132 Mass. 261. *Commonwealth* v. *Corkin*, 136 Mass. 429. *Commonwealth* v. *McDonald*, 5 Cush. 365. *Commonwealth* v. *Starr*, 4 Allen, 301, 305.

*Exceptions overruled.*