IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

NOVEMBER TERM, 1895.

---

FRANCIS J. MARLEY ET AL., PLAINTIFFS IN ERROR, v.
THE STATE, DEFENDANT IN ERROR.

1. When a trial judge charges a jury that on the proofs before them they
cannot convict of the crime charged in the indictment, but that they,
if the facts warrant it, can convict of an attempt to commit the crime
charged, at the same time he must instruct them to acquit of the crime
charged in conformity with the statute. An omission so to charge will
be error.
2. Where a charge is made in the indictment of a certain crime but the
facts stated show that the charge is nugatory, a defendant cannot be
convicted of such charge.
3. When the thing done is a nullity, and therefore is not adapted to do
the thing intended, there can be no conviction of an attempt to do the
thing intended.

On error to the Passaic Oyer and Terminer.

Argued at June Term, 1895, before BEASLEY, CHIEF
JUSTICE, and Justice GUMMERE.

207

For the plaintiffs in error, *John W. Griggs.*

For the defendant in error, *William B. Gourley,* prosecutor.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    The plaintiffs in error were members of the board of freeholders of the county of Passaic, and are charged in the indictment before the court with incurring obligations in behalf of the county in excess of the appropriation and limit of expenditure provided by law, contrary to the provisions of the act of February 7th, 1876, entitled "A supplement to an act entitled 'An act for the punishment of crimes.'"

At the trial, after the testimony was closed, the justice who presided charged the jury that under the evidence the defendants could not be convicted of having incurred the obligation stated in the indictment.    The charge then proceeded to instruct the jury that the inquiry they were to make was, "whether any of these defendants be proved by the evidence to be guilty of an attempt to incur this obligation."

We think this instruction was radically defective, and that it has resulted in an erroneous judgment.

As the indictment is framed, the defendants could not, at the common law, have been found guilty of an attempt to commit the misdemeanor in question.    As has been stated, the charge in the indictment is that the crime had been completed, and there is no charge of an attempt to commit it; consequently, it is only by force of the statute of the state that a conviction of the uncompleted crime would be proper.    The pertinent provision is to be found in the fifty-second section of the Criminal Procedure act, which is in these words, viz. : "And whereas, offenders often escape conviction by reason that such persons ought to have been charged with attempting to commit offences, and not with the actual commission thereof; for remedy whereof be it enacted, that if, on the trial of any person charged with any felony or misdemeanor it shall appear to the jury upon the evidence that the defendant did not complete the offence charged, but that he was guilty only of an

attempt to commit the same, such person shall not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return as their verdict that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same; and thereupon such person shall be liable to be punished in the same manner," &c.; "and no person so tried as herein lastly mentioned shall be liable to be afterwards prosecuted for an attempt to commit the felony or misdemeanor for which he was so tried." *Gen. Stat.*, *p.* 1130.

The course to be taken in such a juncture as was presented at the trial of the present case is plainly marked out in the statutory section just recited. The jury could not convict of an attempt without acquitting the defendants of the misdemeanor charged, and consequently the judicial instruction should have manifested to them that their power in this particular was thus conditioned. The result has been that the jury has rendered a verdict that the "defendants, and each of them, are guilty of the premises in the within indictment named and specified in manner and form as by the said indictment is charged against them."

This conclusion was manifestly the effect of the incomplete judicial instruction. The jury, by force of the statutory regulation, could not legally convict of an attempt without finding the defendants were not guilty of the crime laid against them in the indictment, and, consequently, they should have been so informed by the court. This was not done, and the omission constitutes a legal error in the proceeding.

On this account the judgment cannot stand.

And we think there is another legal flaw in this trial which is fundamental, and fatal to the prosecution of this case.

It has been already stated that the defendants were indicted for incurring an obligation in behalf of the county in excess of the legal limit. The indictment sets out, in detail, the several acts done by them to that end, and the proofs corresponded with such allegations. The case, therefore, that

was made by the indictment was in all respects proved. In this situation the trial court concluded that the series of acts so done by the defendants was, as a matter of law, wholly nugatory; that such acts did not and could not impose any legal obligation on the county.

This construction of the legal question thus involved, having been adopted at the trial, the jury was then instructed, as we have seen, that although they would not be warranted to find the defendants guilty of the crime thus charged, they still had the right, if the evidence established the fact, to find that they had attempted to commit it.

This theory of the case, we think, is fallacious; it is demonstrably erroneous from two considerations.

The first of these is, that the decision of the trial judge, that the facts proved did not show the imposition of an obligation on the county, was tantamount to a decision that the indictment itself did not charge any offence; for the facts charged and the facts proved were identical. It would seem to be self-evident that if the case made by the record was wholly established by the evidence, and the latter, in a legal point of view, was nugatory, it necessarily follows that the case as presented in the record was equally nugatory. Therefore, accepting the view of the judge at the trial, and from which we do not dissent, it is an unavoidable corollary that the defendants could not be convicted of an attempt to commit a crime that was not charged. The statutory regulation in question is, by its very terms, applicable to the situation when the indictment exhibits on its face a criminal offence. In the present instance this essential is lacking, according to the view of the law taken at the trial.

On this ground also the judgment is invalid.

The same result must obtain from another aspect of the case.

It has been entirely settled by judicial decisions that the act which it is declared that these defendants attempted to do cannot be done by the method stated in the indictment. As the law has been expounded, the board of freeholders, to which

they regularly belonged, under the existent circumstances, could not impose upon the county the obligation in question. *Siedler* v. *Chosen Freeholders, &c.,* 10 *Vroom* 632. And so far was this doctrine extended that in the Circuit Court of the United States in the case of *Crampton* v. *Zabriskie,* 101 *U. S.* 601, it was held that where county bonds had been given for lands conveyed to the county, such bonds being in excess of the funds appropriated, such transaction is, in all its parts, utterly void, and a decree was accordingly made requiring the vendor of the property to accept a reconveyance and to return the bonds so given in payment of the purchase-money. This decree was affirmed in the Supreme Court of the United States, on the ground that the board of freeholders could not, in the mode adopted, incur any obligation for the county beyond its income previously provided by taxation. And this, as has been shown, was the doctrine in accordance with which the present case was tried.

Looking, then, to this datum it is obvious that the defendants have been convicted of an attempt to commit a misdemeanor which was a legal impossibility, and which they knew to be such.

Such a procedure would appear to be inconsistent with the fundamental principles of law applicable to the subject.

An *intent* to commit a crime is not equivalent to an *attempt* to commit it, for the purpose must be accompanied with some substantive act, or series of acts, tending towards its accomplishment. Mr. Bishop, with his usual explicitness and clearness, says: "Another principle concerning attempt is that, whatever a man's intent may be, he is not indictable unless there is some adaptation, real or apparent, in the thing done to accomplish the thing intended." 1 *Bish. Cr. L.,* § 516. So, speaking of the intent, " everyone being conclusively presumed to understand the law, no man can legally intend what is legally impossible." *Id.,* § 518.

In the light of such a theory it becomes plain that these defendants, even if the intent to commit the offence charged can be imputed to them, did, in legal contemplation, no act

towards the accomplishment of such purpose, for every act they did was, in the eye of the law, an absolute nullity. Not one of them, therefore, could tend to carry into effect any criminal project.

It should be noticed that the principle here introduced is to be distinguished from the rule that is applicable to the case of a person designing to perpetrate a crime, when he cannot effect it by reason of the existence of some fact unknown to him at the time. The cases are collated and the principle elucidated in the recent case of *People* v. *Gardner*, 38 *N. E. Rep.* 1003. *State* v. *Wilson*, 30 *Conn.* 500.

As it may suggest itself to a person looking into the subject thus considered that the rule adopted by the trial judge in its application to the primary question before him is not consistent with the decision in *State* v. *Halsted*, 10 *Vroom* 402, 12 *Id.* 552, it is proper to say that such topic was not in the reported case discussed by counsel, nor was it considered or decided by the court. The proposition that the freeholders have not the power to create an obligation binding on the county by the methods now in question, has been established by more recent decisions.

Let the judgment be reversed.