(No. 20085.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN HUFF, Plaintiff in Error.

*Opinion filed April 17, 1930.*

RUFUS NEELY, and D. L. DUTY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, J. ROY BROWN-
ING, State's Attorney, and GEORGE P. O'BRIEN, (A. F. MEL-
VIN, and HAL G. GALLIMORE, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the February term, 1927, of the circuit court of Wil-
liamson county the grand jury returned an indictment against
John Huff charging him in three counts with the crime of
murder by attempting to procure the miscarriage of Lorine
Morris. He was tried at the July term, 1929. The State's
attorney entered a *nolle* as to the first two counts of the in-
dictment during the trial, and the jury returned a verdict
finding the defendant guilty of manslaughter as charged in
the indictment and finding his age to be about forty-five
years. A motion was made for a new trial, which was
continued until the September term of the court, and on
September 26, during that term, was overruled. The de-
fendant, after making a motion in arrest of judgment,
which was overruled, was sentenced to imprisonment in the
penitentiary and has sued out a writ of error to review
the record.

The defendant moved to quash the indictment and each
count of it, and assigns for error the denial of the motion
to quash the third count, upon which he was tried. The

third count charged that the plaintiff in error on May 27, 1926, "did unlawfully, feloniously and willfully use and employ a certain metallic instrument, the name of which is to these grand jurors unknown, in and upon one Lorine Morris by then and there forcing, thrusting and inserting said instrument into the private parts and womb of said Lorine Morris, and then and there did thereby unlawfully, feloniously and willfully attempt to procure and produce the miscarriage of the said Lorine Morris, it not being then and there necessary to cause such miscarriage for the preservation of the life of the said Lorine Morris, the said John Huff, alias 'Doctor' Huff, then and there well knowing that the use of the said instrument aforesaid, at the time aforesaid, in the manner aforesaid, would produce such miscarriage, by reason whereof the said Lorine Morris from the 27th day of May, in the year aforesaid, did languish, and languishing did live, on which said 6th day of June, in the year aforesaid, in the county aforesaid, the said Lorine Morris then and there died; and so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said John Huff, alias 'Doctor' Huff, in manner and form as aforesaid, then and there feloniously, willfully and of his malice aforethought did kill and murder."

As an indictment charging murder this count is insufficient, because it does not charge that the death of Lorine Morris was the result of the attempted abortion. The indictment, after charging the attempt to cause a miscarriage, charges that "Lorine Morris from the 27th day of May, in the year aforesaid, did languish, and languishing did live, on which said 6th day of June, in the year aforesaid, in the county aforesaid, the said Lorine Morris then and there died." There is no statement that Lorine Morris did languish, and languishing did live until the sixth day of June. She may have entirely recovered before that time, and there is no statement that she died as a result of the use of the instrument on her.

It is argued that the indictment does not allege that Lorine Morris was a woman or that she was pregnant. The name "Lorine" is a feminine name. The count charges the insertion of a blunt instrument into the womb of her with intent to produce a "miscarriage of the said Lorine." These allegations necessarily refer to a woman. It was not necessary to allege that she was pregnant. It would be impossible to produce a miscarriage if she were not, but it was not necessary to the making of the attempt that she should be pregnant. An attempt may be made to commit a crime which it is impossible for the person making the attempt to commit because of the existence of conditions of which he is ignorant. Whenever the law makes one step toward the accomplishment of an unlawful object with the intent of accomplishing that object criminal, a person taking the step with that intent and capable of doing every act on his part to accomplish that object cannot protect himself from responsibility by showing that because of some fact of which he was ignorant at the time it was impossible to accomplish the purpose intended in that case. (*Commonwealth* v. *Jacobs*, 9 Allen, 274.) The statute under which the defendant was indicted provides that "whoever, by means of any instrument, medicine, drug or other means whatever, causes any woman, pregnant with child, to abort or miscarry, or attempts to procure or produce an abortion or miscarriage, unless the same were done as necessary for the preservation of the mother's life, shall be imprisoned in the penitentiary not less than one year nor more than ten years; or if the death of the mother results therefrom, the person procuring or causing the abortion or miscarriage shall be guilty of murder." The indictment sufficiently charged the attempt to produce a miscarriage and the motion to quash was therefore properly overruled, but it was not sufficient to sustain a verdict of guilty of murder, and the motion in arrest of judgment should therefore have been allowed.

Since the cause must be remanded, certain questions which may arise on a new trial must be considered.

The dying declaration made by Lorine was admitted in evidence over the objection of the plaintiff in error. The rule is that the admission of dying declarations in evidence is confined to cases of homicide where the death of the deceased is the subject of the charge. (*North* v. *People,* 139 Ill. 81.) Dying declarations of a woman upon the trial of an indictment against a defendant charging him with killing her by means of an abortion are admissible in evidence, the death of the deceased being the subject of the charge, (*Worthington* v. *State,* 92 Md. 222,) but not in cases in which death is involved but is not the subject of the inquiry. (*State* v. *Harper,* 35 Ohio St. 78; *People* v. *Davis,* 56 N. Y. 95; *Regina* v. *Hind,* 8 Cox's C. C. 300; *State* v. *Howard,* 82 Vt. 380.) A physician (a witness for the prosecution) who treated Lorine for several days before her death and made a post-mortem examination, and who also testified to her dying declarations, was asked by the State's attorney: "Taking into consideration the history of the case and what you learned about it, both from the history and from the examination of Lorine Morris in her lifetime and by the post-mortem examination that you made, have you now an opinion as to whether or not there had been an attempt made upon her person to perform an abortion or miscarriage?" An objection to the question was overruled and the witness answered, "Yes, sir." The question, "What is that opinion?" was also objected to and the objection was overruled. The answer of the witness was, "I think it was done for the purpose of abortion." Another question which was answered over objection was, "Have you an opinion as to the attempt, Dr. Black?" and the answer was, "Yes, sir." He was then asked, "What is your opinion?" Objection was overruled and the witness answered, "That there was an attempt to do an abortion." The objections to these questions should have been

sustained. They called upon the witness to determine the whole issue, which was for the jury to decide.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*