Henry L. PECKHAM, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12261.

United States Court of Appeals
District of Columbia Circuit.

Argued May 24, 1955.

Decided July 14, 1955.

Petition for Rehearing Denied
Aug. 31, 1955.

Writ of Certiorari Denied Dec. 5, 1955.
See 76 S.Ct. 195.

See also 93 U.S.App.D.C. 136, 210 F.
2d 693

Mr. Albert J. Ahern, Jr., Washington,
D. C., for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty.,
with whom Messrs. Leo A. Rover, U. S.
Atty., and Arthur J. McLaughlin, Asst.
U. S. Atty., were on the brief, for appellee.

Before EDGERTON, WASHINGTON
and DANAHER, Circuit Judges.

PER CURIAM.

Appellant was convicted on an indictment charging that on or about May 2, 1951, he used instruments upon and administered drugs to a named woman, then pregnant, with intent to procure her miscarriage. His chief, though not his only, contention on this appeal is that the District Court erred in instructing the jury that it was immaterial whether or not the woman was pregnant, if at the time the defendant believed she was pregnant.

If the statute makes pregnancy immaterial, the indictment cannot make it material. The government's brief contains a table showing that the so-called abortion statutes of many states explicitly make pregnancy necessary (*e.g.*, "any pregnant woman"); those of many other states explicitly make it unnecessary (*e. g.*, "a woman whether pregnant or not"); and those of a few states say "any woman", or "a woman", without mentioning pregnancy. Formerly the District of Columbia statute used the expression "any pregnant woman" or "any woman in any condition of pregnancy".[1] But the Code of 1901 omitted all reference to pregnancy and adopted the phrase "any woman", which has since been retained.[2] A similar change in the English statutes has long been recognized as making preg-

---

1. Compiled Statutes, Albert and Lovejoy, 1894, Chapter XVI, § 13.

2. At the time of the alleged offense the statute read: "Whoever, with intent to procure the miscarriage of any woman, prescribes or administers to her any medicine, drug, or substance whatever, or with like intent uses any instrument or means, unless when neces-sary to preserve her life or health and under the direction of a competent licensed practitioner of medicine, shall be imprisoned for not more than five years; or if the woman or her child dies in consequence of such act, by imprisonment for not less than three nor more than twenty years." D.C.Code (1901) § 809, 31 Stat. 1322; D.C.Code (1951) § 22-201.

nancy unnecessary.[3] We think the change in our statute has the same effect.[4]

We find no error affecting substantial rights.

Affirmed.

Washington, Circuit Judge, dissented.

---

**3.** Reg. v. Goodall, 2 Cox Crim.Cases 41 (1846); Reg. v. Titley, 14 Cox Crim. Cases 502 (1880).

**4.** In Crichton v. United States, 67 App. D.C. 300, 301–302, 92 F.2d 224, 225–226, certiorari denied, 302 U.S. 702, 58 S.Ct. 22, 82 L.Ed. 542, this court assumed that pregnancy was necessary, but this assumption did not affect the decision. Cf. Peckham v. United States, 93 U.S. App.D.C. 136, 143, 210 F.2d 693, 700.