464 P.2d 23

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Richard Lee LOPEZ, Defendant-Appellant.**
**No. 332.**

Court of Appeals of New Mexico.
Nov. 21, 1969.
Rehearing Denied Dec. 29, 1969.
Certiorari Denied Jan. 19, 1970.

James A. Borland, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Vince D'Angelo, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

SPIESS, Chief Judge.

The defendant, Richard Lee Lopez, was charged with the crime of attempting to commit a felony (§ 40A–28–1, N.M.S.A. 1953). The indictment consists of two counts, each charging a separate attempt to commit the crime of forgery (§ 40A–16–9, N.M.S.A.1953).

Following trial to a jury defendant was convicted on both counts and has appealed. The conviction is challenged on the sole ground that the evidence is insufficient to support the verdicts.

An attempt to commit a felony is an act done with intent to commit such crime but which fails of completion. To constitute such attempt, defendant must do an overt act in furtherance of and with intent to commit the felony and tending but failing to effect its commission (§ 40A–28–1, supra.) An appropriate statement relating to the crimes charged is contained in State v. Bereman, 177 Kan. 141, 276 P. 2d 364 (1954).

"In order that there may be an attempt to commit a crime, whether statutory or at common law, there must be some overt act in part execution of the intent to commit the crime. The act must reach far enough toward the accomplishment of the desired result to amount to the commencement of the consummation. It must not be merely preparatory, and it need not be the last proximate act to the consummation of the offense attempted to be perpetrated. However, it must approach sufficiently near to it to stand either as the first or some subsequent step in a direct movement toward the commission of the offense after the preparation or solicitation is made. Slight acts done in furtherance of that design will constitute an attempt. No definite rule can be laid down by which an act might be characterized as overt in any particular case. The general principle of law concerning attempts must be applied in each case as nearly as it can with a view to substantial justice."

If the intended act is not criminal there can be no criminal liability for an attempt to commit it. 1 Anderson, Wharton's Criminal Law and Procedure, § 78 (1957).

Forgery (the crime allegedly attempted) consists of (a) falsely making or altering any signature or any part of any writing purporting to have any legal efficacy with intent to injure or defraud, or (b) knowingly issuing or transferring a forged writing with intent to injure or defraud. (§ 40A–16–9, supra.)

The material evidence upon which the conviction rests reveals: that on December 21, 1968, defendant, Richard Lee Lopez, entered a liquor store where he presented and undertook to cash a check. The check was drawn upon the account of Las Lomas Corporation, Inc., in the amount of $84.23; was payable to the order of Arnold D. Jones and signed Jimmie Jones. The defendant, in the presence of the clerk to whom the check was presented, endorsed the name of the payee, Arnold D. Jones, upon the check.

In order to identify himself as the payee, Arnold D. Jones, defendant exhibited to the clerk identification in the name of Arnold D. Jones, which consisted of a social security card and a selective service card. Defendant handed the check and identification cards to the clerk. She, however,

after making a telephone call to a concern engaged in a check verifying service, returned the check and identification cards to defendant and refused to cash the check.

Following this occurrence and on the same day, defendant and a woman entered a store where she presented and undertook to cash a check. This check was also drawn on Las Lomas Corporation in a like amount, namely, $84.23; was also signed "Jimmie Jones," and was made payable to Pearl Newton. The woman, however, who entered the store with defendant was identified at the trial as Brenda Joyce Hurst. At the time she presented the check to a store employee she exhibited a social security card in the name of Pearl Newton in an effort to identify herself as Pearl Newton. The store manager, after calling the same verifying service as was called by the clerk of the liquor store, declined to cash the check.

It appears from the evidence that on March 4, 1967, the operator of the check verifying service had notified his customers not to cash checks drawn on Las Lomas Corporation.

■ It is defendant's contention, in substance, that the evidence fails to show that the acts, if consummated, would have constituted crimes. First, he says that the state introduced no evidence by a bank official, employee, or other person to establish that if the checks had been presented to the drawee bank at a proper time they would not have been paid. Further, it is contended that because the checks in question were postdated and therefore could not have been paid by the bank until July 20, 1968, the state should have the additional burden of proving they would not have cleared at the later date, July 20, 1968.

■ No authority has been cited to us holding such proof essential to establish the crime of forgery, nor has our search revealed any such authority. It would seem unreasonable to us to hold that proof of forgery of a check must include a showing that the drawee bank would not have honored it. Clearly, whether the drawee bank would have considered the instrument a forgery was not an issue, nor an element of proof, particularly in circumstances where the forged writing involves an endorsement made or attempted of the name of the payee. These checks, although postdated, upon their face possess sufficient legal efficacy to defraud and may be the subject of forgery. Compare People v. Jones, 210 Cal.App.2d 805, 27 Cal.Rptr. 35 (1962); People v. Marks, 63 Ill.App.2d 384, 211 N.E.2d 548 (1965), cert. denied 385 U.S. 876, 87 S.Ct. 153, 17 L. Ed.2d 103 (1966); Rivas v. State, 169 Tex.Cr.R. 625, 336 S.W.2d 938 (1960); Mitchell v. State, 168 Tex.Cr.R. 606, 330 S.W.2d 459 (1959).

Defendant next contends the proof was insufficient for the reason that no evidence was introduced that Las Lomas Corporation, Inc., did not have an account with the drawee bank or that the person who signed the check, Jimmie Jones, was not authorized to sign checks on behalf of the corporation. It seems obvious to us that neither of these elements of proof is a prerequisite to defendant's conviction, involving a false endorsement with intent to defraud.

■ It is also urged that the state failed to prove that defendant did not have the right to use the name Arnold D. Jones and that Brenda Joyce Hurst did not have the right to use the name Pearl Newton, or that Arnold Jones was anyone other than defendant, or that Pearl Newton was anyone other than Brenda Joyce Hurst. It is contended that if Arnold D. Jones was an actual person other than defendant there is no showing that defendant did not have authority from him to sign and cash the check. This contention is, likewise, made with respect to Pearl Newton and Brenda Joyce Hurst.

As we have shown, the evidence discloses that defendant represented himself as being Arnold D. Jones and Brenda Joyce Hurst represented herself as being Pearl Newton. Further, that both defendant and Brenda Joyce Hurst presented forms of

identification designed to establish, contrary to the true fact, that they were the persons named as payees of the checks. These representations having been made for the purpose of inducing the respective clerks to cash the checks in our opinion reasonably warrant the inference that neither defendant nor Brenda Joyce Hurst had the right to use the names of the payees of the checks, or that they, in fact, were such payees or had authority to endorse the checks in the names of the payees.

A case closely in point although involving forgery rather than with attempt to commit the same is Avila v. People, 163 Colo. 525, 431 P.2d 782 (1967), wherein the court considered contentions similar to those presented here and said:

"The thrust of the argument made by counsel for defendant is that, even though the evidence established the fact that the defendant Catarino R. Avila endorsed a check made payable to one Gabino M. Mendoza by signing the name of the payee and thereby receiving cash and merchandise for the check; and even though the defendant represented himself to be Gabino M. Mendoza and gave an address which was nonexistent as his place of residence, he should be discharged for the reason that the district attorney failed to prove that Gabino M. Mendoza, the payee, had not authorized the defendant to endorse the check and receive the proceeds thereof. The contention is that there was no evidence that the check was a 'false instrument.'

"In order to prove the corpus delicti in a forgery case, it is not necessary to show by testimony of the maker or payee of a check that no authority was given the accused to sign his name. Such lack of authorization may be proved circumstantially. From 37 C.J.S. Forgery § 96, we quote:

'That accused made or participated in the making of the forgery may be proved by either direct or circumstantial evidence. The person whose signature is forged is not an indispensable witness; * * * *Where accused had represented himself as being the person whose signature is forged, his conviction of forgery is warranted;* and this is so where he has made other misstatements, and his actions in connection with the forged instrument are suspicious or he has endeavored afterward to destroy it. * * * ' "

We have considered authorities cited to us by defendant including State v. Bibbins, 66 N.M. 363, 348 P.2d 484 (1960). In our opinion these cases do not require a conclusion contrary to that herein expressed. State v. Bibbins is distinguishable in that the defendant, Bibbins, did not undertake to use an assumed name in presenting and cashing the check.

In conclusion, it is our view that the evidence although circumstantial, in part, was such as to furnish adequate justification for the inference drawn by the jury. Its findings, consequently, are not to be disturbed on appeal. State v. Olguin, 78 N. M. 661, 437 P.2d 122 (1968); State v. Tapia, 79 N.M. 344, 443 P.2d 514 (Ct.App. 1968).

The judgment is accordingly affirmed. It is so ordered.

OMAN and WOOD, JJ., concur.