669 P.2d 1086

**STATE of New Mexico, Petitioner,**

v.

**Gerard LOPEZ, Respondent.**

**No. 14950.**

Supreme Court of New Mexico.

Sept. 13, 1983.

Rehearing Denied Sept. 28, 1983.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for petitioner.

Janet Clow, Chief Public Defender, William P. Slatter, Asst. Appellate Defender, Santa Fe, for respondent.

OPINION

RIORDAN, Justice.

Gerard Lopez (Lopez) was indicted on one count of attempting to traffic in a controlled substance, or in the alternative, on one count of fraud. Lopez filed a motion to dismiss the attempt count on the basis that the doctrine of impossibility barred prosecution. For purposes of the hearing on the motion to dismiss, the parties stipulated that the substance was neither cocaine nor any other controlled substance. The trial court granted Lopez's motion to dismiss and the State appealed. The Court of Appeals affirmed, and we granted the State's petition for certiorari. We reverse.

The issue on appeal is whether a defense of impossibility is available to a defendant charged with an attempt to commit a felo-

ny, which under the facts, is impossible to complete.

Lopez received $110.00 from a confidential informant for what he represented as a gram of cocaine, but which in fact was not. Due to a circumstance unknown to Lopez (the substance was not cocaine), it was impossible for him to effectuate the crime of trafficking in a controlled substance. NMSA 1978, Section 30–28–1 defines an attempt as "an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission."

The doctrine of impossibility abounds with confusion. *United States v. Everett,* 700 F.2d 900 (3rd Cir.1983). There are two separate categories: 1) where the act, if completed, would not be criminal ("legal impossibility"), and 2) where the crime is impossible of completion because of a physical or factual condition unknown to the defendant ("factual impossibility"). *Booth v. State,* 398 P.2d 863, 870 (Okl.Cr.1964). In *Booth,* the Oklahoma court noted that authorities in various states were in general agreement that where there is legal impossibility, a defendant may not be successfully charged with attempt. However, in cases involving factual impossibility the defendant may be charged and convicted of attempt. The confusion arises when determining, under a particular set of facts, whether the impossibility is "legal" or "factual."

In the present case, the Court of Appeals found that a *legal* impossibility existed because the actual act when completed (selling a non-controlled substance) did not constitute a crime. That would undoubtedly be true if the substance had not been represented as cocaine. However, once it was represented as cocaine, a question of fact arose as to Lopez's knowledge and intentions. Either he intended to sell the substance believing it to be cocaine thus committing an attempt, or he sold a substance that he knew was not cocaine but intended that the buyer part with his money thinking that it was cocaine, resulting in fraud. *See, e.g., United States v. Heng*

*Awkak Roman,* 356 F.Supp. 434 (S.D.N.Y.) (factual impossibility exists where defendants attempted to sell what they believed was heroin, but was only soap powder) *aff'd,* 484 F.2d 1271 (2d Cir.1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874 (1974).

Lopez should be treated in accordance with the facts as he believes them to be. In the present case, assuming the truth of the allegations, which we must assume for the purpose of a motion to dismiss, Lopez demonstrated his readiness to violate the law. *Bottijliso v. Hutchison Fruit Co.,* 96 N.M. 789, 635 P.2d 992 (Ct.App.), *cert. denied,* 97 N.M. 483, 641 P.2d 514 (1981). Lopez manifested the required intent to commit a dangerous act. When a defendant has done everything within his power to commit a crime, he has attempted to commit the crime. *See generally United States v. Coplon,* 185 F.2d 629 (2nd Cir.1950), *cert. denied,* 342 U.S. 920, 72 S.Ct. 362, 96 L.Ed. 688 (1952). Therefore, imposition of criminal liability is justified.

In the present case, the Court of Appeals adopted the reasoning of the Oklahoma court in *Booth v. State,* that unless the attempt statute is changed to reflect the modern trend, the court is bound by the common law doctrine of impossibility. However, if the intended act is not criminal, there can be no criminal liability for an attempt to commit the crime. *State v. Lopez,* 81 N.M. 107, 464 P.2d 23 (Ct.App.1969), *cert. denied,* 81 N.M. 140, 464 P.2d 559 (1970). We interpret "intended act" to mean that the act is to be viewed from the defendant's point of view. Therefore, we determine that New Mexico's attempt statute is consistent with the view that when a defendant does everything that is required to commit a crime but is frustrated due to the fact that completion is impossible, he can nevertheless be found guilty of attempt. We see no difference, for example, between this case and one in which a defendant shoots into the intended victim's bed believing the victim to be there, when in fact the victim is elsewhere. *E.g., State v. Mitchell,* 170 Mo. 633, 71 S.W. 175 (1902).

The fact that the victim is alerted to the crime and removes himself to a place of safety should not act to the benefit of the accused. Similarly, the fact that a substance is not cocaine, as in the present case, should not act to the benefit of one who intends to traffic in cocaine. When the objective is clearly criminal, impossibility is not a proper defense. *United States v. Quijada,* 588 F.2d 1253 (9th Cir.1978).

We specifically reject the Oklahoma position in *Booth* on the impossibility defense, and instead adopt the position of the Ninth Circuit as stated in *Quijada,* 588 F.2d at 1255 (citation omitted), that:

> Specifically, we eschew any effort to distinguish so-called *legal* impossibility from *factual* impossibility or to establish any general principles capable of solving most, if not all, instances in which the defense is raised. We can only say that generally a defendant should be treated in accordance with the facts as he supposed them to be. The fact that the pocket was empty should not insulate the pickpocket from prosecution for an attempt to steal.

To convict a defendant of an attempt, the required criminal intent must be sufficiently corroborated by objective facts. Such corroboration is required to prevent conviction on the basis of criminal intent alone. *Cf. United States v. Korn,* 557 F.2d 1089 (5th Cir.1977); *United States v. Oviedo,* 525 F.2d 881 (5th Cir.1976). In the present case, acts such as representing a substance as cocaine, offering it for sale, and receiving $110.00 in exchange for it, are unequivocally corroborative of the required criminal intent if proved beyond a reasonable doubt. *See, e.g., United States v. Everett,* (where defendant promised to sell a controlled substance, transferred the substance furtively, and confessed and identified the substance, evidence was sufficient to establish defendant's guilt of attempt to distribute); *United States v. Hough,* 561 F.2d 594 (5th Cir.1977) (where defendant admitted in sworn statement that he thought the substance which he possessed was a controlled substance, though in fact it was not, he could be convicted of intentionally attempting to possess with intent to distribute a controlled substance); *United States v. Korn,* (where defendant allegedly entered into negotiations with government undercover agent and informer to purchase 40,000 methaqualone tablets, and gave $20,000.00 to agent in return for four cartons which defendant believed contained methaqualone tablets, the evidence taken as a whole sufficiently corroborated defendant's subjective intent to distribute a controlled substance).

Therefore, the Court of Appeals and the trial court are reversed. This case is to be reinstated on the trial docket for proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., and STOWERS, J., concur.

SOSA, Senior Justice and FEDERICI, J., respectfully dissent.

SOSA, Senior Justice, dissenting.

I cannot concur with the majority opinion in this case. I would hold that the defense of impossibility is available to a defendant charged with an attempt to commit a felony which, under the facts, is impossible to complete. I agree with the opinion of the Court of Appeals that until NMSA 1978, Section 30–28–1, is changed to define attempt as including an attempt to commit an act which if completed would not be a crime, the defense of legal impossibility should not be ruled out.

I therefore respectfully dissent and adopt the Court of Appeals opinion which is attached hereto, *in toto,* as my dissent.

FEDERICI, J., concurs.

No. 5991.

Court of Appeals of New Mexico.

May 10, 1983.

OPINION

HENDLEY, Judge.

Defendant was indicted on one count of attempting to traffic in a controlled substance, or in the alternative, one count of

fraud. The trial court granted his motion to dismiss the trafficking count and the State appeals.

We affirm.

Defendant received $110.00 from an undercover agent for what he represented was a gram of cocaine. For purposes of the hearing on the motion to dismiss, the parties stipulated that the substance was neither cocaine nor any other controlled substance. We do not know whether defendant believed the substance was or was not cocaine.

The trafficking count charges defendant as follows:

That on or about the 16th day of January, 1982, in Bernalillo County, New Mexico, the above-named defendant GERALD [sic] LOPEZ did attempt to commit a felony, to wit: Traffic in a Controlled Substance, to wit: Cocaine, which failed in its commission, in that the said defendant GERALD [sic] LOPEZ did attempt to intentionally sell a controlled substance, to wit: Cocaine, contrary to §§ 30–31–20(A)(3), 30–31–1, 30–31–6, 30–31–7 and 30–28–1, NMSA 1978.

The sole issue on appeal is whether the doctrine of impossibility bars prosecution as a matter of law in the instant case.

Section 30–28–1, N.M.S.A.1978, defines an attempt as consisting "of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission." *See State v. Trejo,* 83 N.M. 511, 494 P.2d 173 (Ct.App.1972), and *State v. Lopez,* 81 N.M. 107, 464 P.2d 23 (Ct.App. 1969).

*Impossibility*

The reams which have been written on impossibility almost defy the imagination. It is difficult to find a case which has not been criticized, praised or disected. "Legal Scholars" have found this area of law a fruitful field. Little can be agreed upon, including its origins.

We quote from *Booth v. State,* 398 P.2d 863 (Okla.Cr.1964), as it seems most helpful for a historical view of the rule. The court felt bound to apply the legal impossibility rule because of the way the Oklahoma attempt statute was written (similar to New Mexico).

A thorough historical background of "attempt to commit crimes" is given by J. Irwin Shapiro, Justice of the Supreme Court, Queens County, Post 11, N.Y. It is to be found in the Rollino case [*People v. Rollino* (1962), 37 Misc.2d 14, 233 N.Y. S.2d 580], supra. In that case, Judge Shapiro relates in substance that the development of attempts apparently stems from the decision of the Kings Bench in *Rex v. Schofield,* Cald. 397 (1784). There, the defendant was tried for arson. He had placed a lighted candle among combustibles in a certain house, with intent to burn it. There was, however, no proof of burning adduced. The court held that the COMPLETION of the criminal act was not required to constitute criminality if the attempt was committed with the necessary intent. It logically inquired:

" * * * Is it no offense to set fire to a train of gunpowder with intent to burn a house, because by accident, or the interposition of another, the mischief is prevented?"

That attempts were indictable as such was restated and definitively determined in *Rex. v. Higgins,* 2 East 5 (1801). Fifty-six years later, the question of "impossibility" was raised for the first time in *Regina v. McPherson, Dears. & B.* 197, 201, (1857), when Baron Bramwell said:

" * * * The argument that a man putting his hand into an empty pocket might be convicted of an attempt to steal appeared to me at first plausible; but suppose a man, believing a block of wood to be a man who was his deadly enemy, struck it a blow intending to murder, could he be convicted of attempting to murder the man he took it to be?"

Subsequently, in *Regina v. Collins,* 9 Cox C.C. 497, 169 Eng.Rep. 1477 (1864), the Court expressly held that attempted larceny was not made out by proof that the defendant pickpocket actually inserted his hand into the victim's pocket with

intent to steal. Chief Justice Cockburn, declaring, at page 499:

"We think that an attempt to commit a felony can only be made out when, if no interruption had taken place, the attempt could have been carried out successfully, and the felony completed of the attempt to commit which the party is charged."

This very broad language, encompassing as it did all forms of "impossibility" was subsequently rejected by the English courts and it was held that the inability of the pickpocket to steal from an empty pocket did not preclude his conviction of an attempted larceny. *Regina v. Ring,* 17 Cox C.C. 491, 66 L.T.(N.S.) 306 (1892).

In this country it is generally held that a defendant may be charged with an attempt where the crime was not completed because of "physical or factual impossibility", whereas a "legal impossibility" in the completion of the crime precludes prosecution for an attempt. (Smith, "Two problems in Criminal Attempts", 70 Harvard Law Review, 422.)

What is a "legal impossibility" as distinguished from a "physical or factual impossibility" has over a long period of time perplexed our courts and has resulted in many irreconcilable decisions and much philosophical discussion by legal scholars in numerous articles and papers in law school publications and by text writers. See, for example: "Contemporary Problems of Criminal Attempts" by Paul Kichyun Ryu, Professor Law, Seoul University in Korea, 32 New York University Law Review, page 1170 (1957); "The Effect of Impossibility on Criminal Attempts" by John S. Strahorn, Jr., 78 University of Pennsylvania Law Review, page 962 (1930); "Criminal Attempts—The Rise and Fall of an Abstraction" by Honorable Thurman W. Arnold, Dean of University of West Virginia Law School and visiting Professor of Law at Yale (later Associate Justice, United States Court of Appeals for the District of Columbia), 40 Yale Law Journal, page 53 (1930); "Criminal Attempts" by Francis Bowes Sayre, Professor of Law, Harvard Law School, 41 Harvard Law Review, page 821 (1928); "Criminal and Non-Criminal Attempts" by John W. Curran, Professor of Law, DePaul College of Law, 19 George Town Law Journal, Part I, page 185—Part II, page 316 (1931); "Criminal Attempts at Common Law" by Edwin R. Keedy, Professor of Law Emeritus, University of Pennsylvania, 102 University of Pennsylvania Law Review, page 464 (1954).

The reason for the "impossibility" of completing the substantive crime ordinarily falls into one of two categories: (1) Where the act if completed would not be criminal, a situation which is usually described as a "legal impossibility", and (2) where the basic or substantive crime is impossible of completion, simply because of some physical or factual condition unknown to the defendant, a situation which is usually described as a "factual impossibility".

The authorities in the various states and the text-writers are in general agreement that where there is a "legal impossibility" of completing the substantive crime, the accused cannot be successfully charged with an attempt, whereas in those cases in which the "factual impossibility" situation is involved, the accused may be convicted of an attempt. Detailed discussion of the subject is unnecessary to make it clear that it is frequently most difficult to compartmentalize a particular set of facts as coming within one of the categories rather than the other. Examples of the so-called "legal impossibility" situations are:

(a) A person accepting goods which he believes to have been stolen, but which were not in fact stolen goods, is not guilty of an attempt to receive stolen goods. (*People v. Jaffe,* 185 N.Y. 497, 78 N.E. 169, 9 L.R.A., N.S., 263).

(b) It is not an attempt to commit subornation of perjury where the false testimony solicited, if given, would have been immaterial to the case at hand and hence not perjurious. (*People v.*

*Teal,* 196 N.Y. 372, 89 N.E. 1086. [sic] 25 L.R.A., N.S., 120).

(c) An accused who offers a bribe to a person believed to be a juror, but who is not a juror, is not guilty of an attempt to bribe a juror. (*State v. Taylor,* 345 Mo. 325, 133 S.W.2d 336).

(d) An official who contracts a debt which is unauthorized and a nullity, but which he believes to be valid, is not guilty of an attempt to illegally contract a valid debt. (*Marley v. State,* 58 N.J.L. 207, 33 A. 208).

(e) A hunter who shoots a stuffed deer believing it to be alive is not guilty of an attempt to shoot a deer out of season. (*State v. Guffey,* 262 S.W.2d 152 (Mo.App.).

Examples of cases in which attempt convictions have been sustained on the theory that all that prevented the consummation of the completed crime was a "factual impossibility" are:

(a) The picking of an empty pocket. (*People v. Moran,* 123 N.Y. 254, 25 N.E. 412, 10 L.R.A. 109; *Commonwealth v. McDonald,* 5 Cush. 365 (Mass.); *People v. Jones,* 46 Mich. 441, 9 N.W. 486).

(b) An attempt to steal from an empty receptacle. (*Clark v. State,* 86 Tenn. 511, 8 S.W. 145) or an empty house (*State v. Utley,* 82 N.C. 556).

(c) Where defendant shoots into the intended victim's bed, believing he is there, when in fact he is elsewhere. (*State v. Mitchell,* 170 Mo. 633, 71 S.W. 175).

(d) Where the defendant erroneously believing that the gun is loaded points it at his wife's head and pulls the trigger. (*State v. Damms,* 9 Wis.2d 183, 100 N.W.2d 592, 79 A.L.R.2d 1402).

(e) Where the woman upon whom the abortion operation is performed is not in fact pregnant. (*Commonwealth v. Tibbetts,* 157 Mass. 519, 32 N.E. 910; *People v. Huff,* 339 Ill. 328, 171 N.E. 261; and *Peckham v. United States,* 96 U.S.App.D.C. 312, 226 F.2d 34).

\*　\*　\*　\*　\*　\*

If a series of acts together will not constitute an offense, how can it be said that one of the acts alone will constitute an indictable offense? Bishop Crim.Law § 747.

The rule is well stated by the English Court in the case of *R. v. Percy, Ltd.* 33 Crim.App.R. 102 (1949):

"Steps on the way to the commission of what would be a crime, if the acts were completed, may amount to attempts to commit that crime, to which, unless interrupted, they would have led; but steps on the way to the doing of something, which is thereafter done, and which is no crime, cannot be regarded as attempts to commit a crime."

Sayre, 41 Harvard Law Review 821, 853–54 (1928) states the rationale in this manner:

"It seems clear that cases (where none of the intended consequences is in fact criminal) cannot constitute criminal attempts. If none of the consequences which the defendant sought to achieve constitute a crime, surely his unsuccessful efforts to achieve his object cannot constitute a criminal attempt. The partial fulfillment of an object not criminal cannot itself be criminal. If the whole is not criminal, the part cannot be."

We hold that under our attempt law it is immaterial what the defendant thought, that is, whether it was cocaine or not. It is fundamental to our law of attempt that a person is not punished because he has an evil mind. *See State v. Lopez, supra.* It must be shown that he attempted to do an act which the law forbids. *See Booth v. State, supra.* Until such time as our attempt statute is changed so as to include the instant case, we do not feel that we can rule out the defense of legal impossibility. *Compare United States v. Everett,* 700 F.2d 900 (3rd Cir.1983).

Affirmed.

IT IS SO ORDERED.

LOPEZ and BIVINS, JJ., concur.