[Crim. No. 5154.   Second Dist., Div. One.   June 16, 1954.]

THE PEOPLE, Respondent, v. JACOB E. SIU, Appellant.

Bertram H. Ross for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Jacob E. Siu, defendant in this case, was a sheriff's deputy in Los Angeles County assigned as bailiff to one of the criminal courts. He proposed to a fellow deputy, who was in the sheriff's narcotic detail, that that deputy supply him with narcotics for sale. Defendant said, "Do you have any connections for narcotics? I want something big. I have a connection that could handle any big quantity we could get."

The sheriff's narcotics deputy reported the conversation to his superiors, and was instructed to go along with defendant. So the next time he saw defendant he said to him, "Were you serious about what we were talking about the other day?" Defendant said, "Yes, I would like a large supply of heroin."

After that the two men had several conversations, arranging for a delivery to defendant. Finally the narcotics deputy told defendant that he "had the stuff." They agreed to meet at defendant's home, where he had an office in which he conducted an insurance business on the side. Defendant said he would put the narcotics in his office safe.

The narcotics deputy met defendant outside his home, and delivered to him a package containing white powder. Defendant put the package into his trousers' pocket. Then they went inside to the office. When defendant opened his safe to put the package into it, the narcotics deputy arrested him.

But the package did not contain heroin, nor any other narcotic. It had talcum powder in it.

Mr. Siu was indicted for the crime of attempt to violate section 11500 of the Health and Safety Code; (possession, transportation, etc. of narcotics) tried by the court without a jury, the case being submitted on the transcript of proceed-

ings before the grand jury. He was convicted; denied probation; and sentenced to state's prison. He appeals from the judgment, and from the court's order denying his motion for a new trial.

The appeal is based entirely upon the fact that the package delivered to defendant when he was arrested contained nothing but talcum powder. Therefore, says the defendant, as no narcotic was involved in the transaction in any way, the corpus delicti of the crime of which he was convicted was not established, the communications between the two officers were in the mere nature of preparation to commit, and the evidence was insufficient to justify the trial court's finding of guilt.

Defendant argues that the facts in his case do not establish that "fragment of the crime committed" held essential in the following cases: *People* v. *Miller*, 2 Cal.2d 527 [42 P.2d 308]; *People* v. *Buffum*, 40 Cal.2d 709 [256 P.2d 317]; and *People* v. *Gallardo*, 41 Cal.2d 57 [257 P.2d 29].

Defendant also argues that his case is similar to the old law-school classics that there can be no corpus delicti when a husband fires a gun at a dummy in a bed, thinking it the paramour of his wife, or when an attempt is made to poison with an innocuous substance, or when a person points an unloaded gun at another.

These illustrations do not reflect the rules that must be followed in defendant's case.

Section 663 of the Penal Code, adopted in 1872, defines the crime of attempt. Section 664 of the same code provides penalties for the crime. ██ Two elements are essential: a specific intent to commit a crime, and a direct, ineffectual act done towards its commission. (*People* v. *Miller*, 2 Cal.2d 527 [42 P.2d 308].)

██ Mere intention to commit a crime does not of itself amount to an "attempt" as that word is employed in the criminal law. Some act done toward the ultimate accomplishment of the intended crime is necessary. (*People* v. *Stites*, 75 Cal. 570, 575 [17 P.2d 693].) ██ But if a person formulates the intent and then proceeds to do something more which in the usual course of natural events will result in the commission of a crime, the attempt to commit that crime is complete. And even though the intended crime could not have been completed, due to some extrinsic fact unknown to the person who intended it, still he is guilty of attempt.

"If there is an apparent ability to commit the crime in the way attempted, the attempt is indictable, although, unknown to the person making the attempt, the crime cannot be committed, because the means employed are in fact unsuitable, or because of extrinsic facts, such as the nonexistence of some essential object, or an obstruction by the intended victim, or by a third person." (22 C.J.S. 142, § 77.)

This rule has been approved and followed in California. (*People* v. *Lanzit,* 70 Cal.App. 498 [233 P. 816] ; *People* v. *Hickman,* 31 Cal.App.2d 4 [87 P.2d 80].)

The facts in *People* v. *Lanzit, supra,* were somewhat the same as in this case. In the Lanzit case the defendant solicited another to help plant a bomb in the home of defendant's wife, to murder her. The plot was brought to the attention of the police by the person solicited. The police permitted the plan to go forward to the placing of the bomb, without a detonator, in the wife's home. Defendant was convicted of attempt to commit murder. The same argument was made on appeal as here. The District Court of Appeal said, at page 505: "It is sufficient if the overt acts reach far enough toward the accomplishment of the intended offense to amount to the *commencement* of its consummation."

Defendant strongly relies upon *People* v. *Gallardo, supra,* 41 Cal.2d 57. In that case a defendant charged with attempt to commit abortion talked with three women in his office, arranged for operations, filled out hospital cards, and took money from them. No medicine was provided or administered, and no instrument or other means was used to procure a miscarriage. Our Supreme Court held that such conduct was not the direct, unequivocal act toward commission of a crime required by our law to constitute the crime of attempt.

In this case, however, it is conceded that Mr. Siu intended to commit the crime of possession of narcotics. Delivery to him of what he thought was heroin was a direct, unequivocal act toward commission of the crime of possession. There was, therefore, no error in the court's finding that he was guilty of the crime of attempt.

The judgment and the order denying defendant's motion for a new trial are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 14, 1954. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.