[Crim. No. 5227.   Second Dist., Div. Three.   Mar. 31, 1955.]

THE PEOPLE, Respondent, v. GLENN RAY WATSON,
Appellant.

Gladys Towles Root and Herbert Grossman for Appellant.

Edmund G. Brown, Attorney General, and William E.
James, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendants Watson and Neal were
charged with murder in that on November 3, 1953, they did
feloniously and with malice aforethought murder Sol DeBro,
a human being.   They pleaded guilty as charged.   It was
stipulated that the matter of determining the degree of the
crime would be submitted upon the transcript of the pre-
liminary examination, the report of the probation officer
and such other evidence as might be presented.   The judge
found that the crime was murder of the first degree.   De-
fendants were sentenced to life imprisonment. Watson appeals

"from the judgment of the finding by the Court of first degree murder."

Appellant contends that the evidence was insufficient to support the finding of first degree murder. He argues that the finding should have been that the crime was second degree murder, because the evidence was not sufficient to support a finding that the murder was committed during an attempted robbery.

On November 2, 1953, about 11:30 p. m., while defendants were drinking in a saloon, they conspired to rob a liquor store because they were broke and needed money. Thereupon they went to their home and got two .45 caliber automatic pistols, which they had stolen from the United States Navy when they deserted it about two weeks previously. They loaded each automatic with seven cartridges. Neal put one pistol in his belt, and Watson put the other one in the waistband of his trousers. Then they went, in an automobile, and "spotted this liquor store." Defendants stood outside for a long time. The storekeeper, Mr. DeBro, was alone in the store. About 12:30 a. m. of November 3, Neal entered the store and walked toward Mr. DeBro who was standing near the cash register. Soon thereafter, Watson who remained outside in front of the store heard someone say, "Put your hands up you dirty bastard." Thereupon he entered the store and Mr. DeBro fired five shots with his .38 caliber revolver in the direction of defendants. One shot hit Watson in the chest. Then Neal fired one shot which killed Mr. DeBro immediately. Defendants went out the back door and went away from the vicinity of the crime. Police officers arrived at the store about 12:45 a. m. and found Mr. DeBro dead on the floor.

An officer testified that, in a conversation with defendants, both defendants said that they went into the store with the intention of robbing the storekeeper.

The judge was justified in concluding that defendants were attempting to commit robbery. Defendants pleaded guilty to the charge in the information that they murdered Mr. DeBro with malice aforethought. They admitted that they decided to rob a liquor store, that they armed themselves with loaded automatic pistols for that purpose, and that they entered the liquor store of Mr. DeBro with the pistols in their belts or waistbands with the intention of robbing him. The court was not required to accept, as true, the statement of Neal, in his application for probation, to the effect

that without any indication of wrongdoing on the part of Neal the storekeeper, Mr. DeBro, pulled a gun on him and told him to get his hands in the air. Likewise, the court was not required to accept, as true, the statement of Watson, in his application for probation, to the effect that he saw Neal "with his hands in the air," and that without any indicacation of wrongdoing on the part of Watson or Neal the storekeeper began shooting at them. In *People* v. *Parrish*, 87 Cal.App.2d 853 [197 P.2d 804], the defendant told a person (who feigned to be an accomplice of defendant) that he intended to kill his (defendant's) wife with a .22 caliber rifle. The defendant asked the alleged accomplice to gain entrance to the wife's house on a pretext, and then defendant would follow him therein. As planned, the defendant and the accomplice went in an automobile to a place about three blocks from the house, and then they walked to the house where the defendant explained the arrangement of the rooms. Then they returned to the automobile and drove it to the front of the house. The accomplice went into the house, and defendant remained in the automobile in which defendant had placed a loaded .22 rifle. Thereupon, police officers who were in the house went to the automobile and arrested defendant. Defendant therein was adjudged guilty of attempted murder, and on appeal he contended that the evidence was insufficient because the acts of defendant did not go beyond mere preparation for committing the crime. In affirming the judgment, the court said (p. 856): "The essential elements required for the proof of the crime of attempted murder are (1) a specific intent to commit the crime, and (2) a direct ineffectual act done towards its commission. . . . (1) There is no question that the evidence is ample to sustain the trial judge's finding that defendant possessed the first element, that is, the intent to murder his wife, since the testimony disclosed that defendant had stated that he intended to kill his wife. (2) The second element of the crime of attempted murder is likewise present. It is settled that the overt act necessary to supply the second element need not be the last proximate act prior to the commission of the crime itself. . . . After preparation for the commission of the crime, if a defendant performs acts which amount to the commencement of the accomplishment of the intended offense, such acts constitute overt acts sufficient to meet the requirements of the second element above set forth for the commission of the crime of attempted murder. . . .

In the present case, when defendant entered Mr. Thomas's [accomplice's] car on the evening of September 16, 1947, possessed of a loaded gun with plans to kill his wife, drove to her home, listened to see if there was any person present in her house, and sent Mr. Thomas into the house so that he, defendant, might gain entrance and kill his wife, such acts constituted overt acts toward the commission of the crime sufficient to sustain the trial court's findings to that effect.''

In *People* v. *Siu,* 126 Cal.App.2d 41 [271 P.2d 575], it was said at page 43: ''But if a person formulates the intent and then proceeds to do something more which in the usual course of natural events will result in the commission of a crime, the attempt to commit that crime is complete.''

A homicide committed in an attempt to perpetrate robbery is murder of the first degree. (Pen. Code, § 189; *People* v. *Anderson,* 1 Cal.2d 687, 689 [37 P.2d 67].)

The trial court did not err in finding that the crime was murder of the first degree.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.