**UNITED STATES of America**

v.

**Michael J. SPADONI, a/k/a Michael L. Sanders, Appellant.**

**No. 23187.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 5, 1970.

Mr. Gene W. Stockman, Washington, D. C. (appointed by this court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Gregory C. Brady, Asst. U. S. Attys., were on the brief for appellee.

Before WRIGHT and McGOWAN, Circuit Judges, and JOHNSON *, Chief Judge, U. S. District Court for the Middle District of Alabama, in Chambers.

PER CURIAM:

The sole question in this case is whether it was an abuse of discretion for the trial judge to fail to order a presentencing investigation and probationary report upon appellant's request to be sentenced without the benefit of

* Sitting by designation pursuant to Title 28, U.S.Code, Section 292(c) (1964).

such an investigation. We hold, by reference to the facts of this case only, that it was not.

Appellant was charged with robbery under 22 D.C.Code § 2901 (Supp. III, 1970), and assault with a dangerous weapon under 22 D.C.Code § 502 (1967). At the pretrial hearing, the judge informed appellant that, if he was found guilty, he would be referred to the probation service for a presentence investigation and report prior to sentencing. Although appellant indicated that he had "worked in the record office at the jail [and was] quite familiar with [the] sentencing procedures * * *," the trial judge explained generally the function and scope of presentencing investigations. Appellant stated that "a probationary report would be more detrimental to me than anything else," and that "a probationary hearing couldn't do anything for me." After telling the judge several facts about his background, appellant concluded that "[i]t might hurt me by going into my background and bringing all these facts to light which I am telling you now."

During the pretrial proceedings and at trial, the judge became familiar with appellant's recent history, including the existence of five prior criminal convictions, his occupation as a licensed gambler, his heavy drinking, and his consumption of a daily supply of sedative pills. Again, after the jury returned with a verdict of guilty of each count, appellant's attorney stated that "[t]he defendant requests immediate sentencing, because he feels that the probation report and the work of the probation officers can in no way help him under the circumstances." The trial judge then reviewed appellant's F.B.I. record, and, exercising what she felt to be her discretion, imposed the maximum sentence allowable under each statute (the sentences to run concurrently). Appellant now seeks to have that sentence vacated and the case remanded for resentencing.

Rule 32(c) (1) of the Federal Rules of Criminal Procedure requires that an investigation and report be made by the probation service of the court prior to sentencing "unless the court otherwise directs." This court has long been sensitive to the need for consideration in sentencing of the possibilities for rehabilitation, and has recognized the utility of presentencing investigations in assisting the judge in his sentencing responsibilities. *See* Leach v. United States, 115 U.S.App.D.C. 351, 352–353, 320 F.2d 670, 672 (1963) [Leach I]. Indeed, in applying this rule, we have appeared to go beyond the other circuits in adopting a restrictive view of the trial judge's discretion to impose sentence without taking advantage of presentencing procedures. We have yet to sanction the denial of an investigation in any case in which the defendant has desired it. Leach v. United States, 118 U.S.App.D.C. 197, 334 F.2d 945 (1964) [Leach II]; Peters v. United States, 113 U.S.App. D.C. 236, 307 F.2d 193 (1962). This court has also made clear that "the defendant's wishes [to omit the presentencing stage] in these matters are not binding on us." Leach v. United States, 122 U.S.App.D.C. 280, 283, 353 F.2d 451, 454 (1965), cert. denied, 383 U.S. 917, 86 S. Ct. 911, 15 L.Ed.2d 672 (1966) [Leach III].

Nevertheless, in the circumstancs revealed by this record, we do not think that the trial court abused its discretion in granting appellant's explicit request to be sentenced without an investigation.

Affirmed.