**UNITED STATES of America,**

v.

**Frank HAIR.**

**Crim. No. 2073–72.**

United States District Court, District of Columbia.

March 28, 1973.

Martin Linsky, Asst. U. S. Atty., Washington, D. C., for the United States.

R. Kenneth Mundy, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

FLANNERY, District Judge.

This matter is before the court upon the defendant's motion to suppress evidence. It appears from the evidence that Officer James E. Blackburn of the Metropolitan Police Department was advised by a previously reliable informer that the defendant had expressed an interest in buying a stolen television set.

The informer also advised Officer Blackburn that he had sold stolen merchandise to the defendant on more than five occasions within the past year and on at least two occasions within the past month. On at least four of the occasions, the sale of the stolen merchandise was consummated in a grocery store operated by the defendant and located at 1642 Vermont Avenue, N. W., Washington, D. C. The police checked the criminal arrest record of the defendant and ascertained that over a 20-year period, he had been arrested for a variety of criminal offenses including larceny and receiving stolen property. The informer reported also that within the past 72 hours he had overheard conversations between the defendant and certain other individuals in which the defendant indicated that he wanted to buy certain property including television sets and that within the past 48 hours the informer had seen other property on the premises which the informer believed to be stolen.

Officer Blackburn then secured a new color television which he gave to the informer with instructions to sell it to the defendant and to advise the defendant that it was a stolen set. The informer proceeded to follow the Officer's directions and sold the television set to the defendant at his grocery store, advising him that it had been stolen.

The police then applied for a search warrant for the defendant's grocery store known as the 24-hour Store, located at 1642 Vermont Avenue, N. W., and in an affidavit accompanying the application for the search warrant related the background information which the informer had furnished to them concerning the defendant's illegal activities, and relating that the informer within the past 48 hours had sold the color television set to the defendant and had represented to the defendant that the set had been illegally purchased. A Judge of the Superior Court for the District of Columbia then issued a search warrant for the premises of 1642 Vermont Avenue, N. W. on the grounds that the affidavit established probable cause to believe that "certain electronic equipment, including a television set, which is attempted stolen property in violation of D.C.Code 2205" was located within the premises.

Thereafter, the police executed the search warrant and seized a substantial amount of stolen property in addition to the aforesaid color television set. A second search warrant based on essentially the same information contained in the first affidavit plus information obtained from the Officer's observation after gaining access to the premises, resulted in further seizures of stolen property. The core question in this case is whether the defendant committed a crime when he received the color television set from the informer with intent to defraud, believing the property to be stolen, when, in fact, the property had not been stolen. The government contends that the defendant had committed the crime of attempted receiving stolen property and that the applicable statutes, 22 D.C.Code §§ 22–103 [1] and 22–2205 [2] permit the construction that an attempt to receive stolen property is a crime even though the property is not stolen. The defendant on the other

---

1. D.C.Code § 22–103 provides: "Attempts to commit crime Whoever shall attempt to commit any crime, which attempt is not otherwise made punishable by this title, shall be punished by a fine not exceeding one thousand dollars or by imprisonment for not more than one year, or both".

2. D.C.Code § 22–2205 provides: "Receiving stolen goods Any person who shall, with intent to defraud, receive or buy anything of value which shall have been stolen or obtained by robbery, knowing or having cause to believe the same to be so stolen or so obtained by robbery, if the thing or things received or bought shall be of the value of $100 or upward, shall be imprisoned for not less than one year nor more than ten years; or if the value of the thing or things so received or bought be less than $100, shall be fined not more than $500 or imprisoned not more than one year, or both".

hand asserts the defense of impossibility, maintaining that the act of attempted or actual receipt of property which was not, in fact, stolen is not a crime in the District of Columbia.

There is no statutory or case law in the District of Columbia dealing with this question, but the subject has been discussed in other jurisdictions. In People v. Jaffe, 185 N.Y. 497, 78 N.E. 169 (1906), the Court of Appeals for New York, held that where the property was not stolen, there can be no attempted receipt of stolen property. In *Jaffe* a clerk stole goods from his employer under an agreement to sell them to the accused, but before delivery of the goods, the theft was discovered and the goods were recovered. Later, the employer redelivered the goods to the clerk to sell to the accused who purchased them for about half of their value believing them to be stolen. The court held that the goods had lost their character as stolen goods at the time the defendant had purchased them and that his criminal intent was insufficient to sustain a conviction for an attempt to receive stolen property knowing it to have been stolen. In People v. Rollino, 37 Misc.2d 14, 233 N.Y.S.2d 580 (1962), the Supreme Court of New York followed the holding in the *Jaffe* case and found that an unsuccessful attempt to do that which is not a crime, when effectuated, cannot be held to be an attempt to commit the crime specified. Since the completed act did not and could not, as a matter of law, constitute larceny, the court held that it was legally impossible for the defendant to be guilty of attempted larceny. The rationale of the *Jaffe* case has been followed in other jurisdictions. In the case of Booth v. State, 398 P.2d 863 (Okla. App.1965), the Court of Criminal Appeals of Oklahoma elected to follow the New York rule. See also State v. Taylor, 345 Mo. 325, 133 S.W.2d 336 (1939); State v. Porter, 125 Mont. 503, 242 P.2d 984 (1952).

The California courts have held that there may be the crime of attempt to receive stolen property even though the property is not stolen. See e. g., People v. Parker, 217 Cal.App.2d 422, 31 Cal. Rptr. 716 (1963); People v. Meyers, 213 Cal.App.2d 518, 28 Cal.Rptr. 753 (1963); People v. Rojas, 55 Cal.2d 252, 10 Cal. Rptr. 465, 358 P.2d 921 (1961); People v. Camodeca, 52 Cal.2d 142, 338 P.2d 903 (1959); Faustina v. Superior Court, 174 Cal.App.2d 830, 345 P.2d 543 (1959); People v. Siu, 126 Cal.App.2d 41, 271 P. 2d 575 (1954). In *Parker* the defendant was charged with attempted receipt of stolen confidential phone directories from the Pacific Telephone & Telegraph Company. Defendant argued that since the directories were delivered by the company's special agent to the district attorney's investigator who delivered them to the defendant, the directories were not stolen and consequently there could be no attempted receipt of stolen property. The court relied on People v. Siu,[3] *supra,* and held that where a person formulates the intent to commit a crime and then proceeds to do something more which in the usual course of natural events will result in the commission of the crime, the attempt to commit that crime is complete even though the intended crime itself could not have been completed due to some extrinsic fact unknown to the person who intended it.

In *Rojas* and *Faustina, supra,* stolen goods were recovered by police, unknown to the defendants, whereupon the police delivered them to defendants who received them believing them to be stolen. Both cases rejected *Jaffe*, distinguishing between what a person actually does and what he intends to do. The courts found that the fact that a person is mistaken regarding the external realities does not alter his intention, but simply makes it impossible to effectuate that intention. The court in *Meyers, supra,* echoed the findings in *Rojas* and *Faustina,* holding that a person will not be

---

3. In *Siu* the defendant was convicted after he attempted to purchase narcotics from an officer who delivered to him a package of talcum powder which defendant believed to be heroin.

guilty of an attempt to commit a crime only when the results intended by the person, if they happened as he envisioned, would still not be a crime.

Other jurisdictions adhere to the California position that a person be charged with attempt to commit a crime even though the crime itself cannot be fully consummated due to an extrinsic fact unbeknown to that person. See, *e. g.*, State v. Moretti, 52 N.J. 182, 244 A.2d 499 (1968); People v. Huff, 339 Ill. 328, 171 N.E. 261 (1930). (Both cases held that a man could be convicted of attempted abortion even though the woman, an undercover officer, was not pregnant—pregnancy being a required element for the substantive crime of abortion).

Added to the lack of uniformity among other jurisdictions on this issue is the morass of commentary surrounding the defense of impossibility in attempt crimes. Many courts compartmentalize fact patterns into the category of "factual impossibility" and legal impossibility. See, *e. g.*, cases summarized in *Rollino, supra,* 37 Misc.2d 214, 233 N.Y.S. at 582. See also Wechesler, Jones and Korn, The Treatment of Inchoate Crimes in the Model Penal Code of the A.L.I.: Attempt, Solicitation, and Conspiracy, 61 Colum.L.Rev. 571, 578–85 (1961). This court agrees with the position taken by the court in *Moretti, supra,* that the defense is "so fraught with intricacies and artificial distinctions that [it] has little value as an analytical method for reaching substantial justice". However, this court respectfully disagrees with the *Moretti* court's position that the place to remedy the problem is in the courts. Rather, this court believes that the issue must be resolved through legislation. See *Rollino, supra.* The American Law Institute has proposed a statute to cure a situation like the one presented in this case. Its Model Penal Code § 5.01 (proposed official draft, May 4, 1962) provides:

"(1) Definition of attempt. A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:

"(a) purposely engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

"(b) when causing a particular result is an element of the crime, does or omits to do anything with the purpose of causing or with the belief that it will cause such result, without further conduct on his part; or

"(c) purposely does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime."

The Institute justifies the necessity for § 5.01 in its tentative Draft No. 10 of the Model Penal Code:

It should suffice, therefore, to indicate at this stage what we deem to be the major results of the draft. They are:

"(a) to extend the criminality of attempts by sweeping aside the defense of impossibility (including the distinction between so-called factual and legal impossibility) and by drawing the line between attempt and noncriminal preparation further away from the final act; the crime becomes essentially one of criminal purpose implemented by an overt act strongly corroborative of such purpose." *Id.* at 25.

However, until the statutes are revised, this court is persuaded that the rationale of *Jaffe* and *Rollino* is the more logical and should be followed. Because the television set received by the defendant was not stolen, this court, after careful review of the authorities, finds that no crime was committed since an unsuccessful attempt to do that which is not a crime cannot be held to be an attempt to commit the crime specified. The court further finds that the affidavits supporting the two warrants involved herein did not establish probable cause to be-

lieve that the defendant had committed the crime of attempted receipt of stolen property, and that the remaining averments in the warrants were insufficient to establish probable cause to believe that the defendant was secreting stolen property in premises 1642 Vermont Avenue, N. W. Therefore, for the reasons stated above, it is this 28th day of March, 1973,

Ordered that defendant's motion to suppress evidence be and hereby is granted.