UNITED STATES of America,
Appellee,

v.

Phillip MANUELLA, Appellant.

No. 588, Docket 72-2274.

United States Court of Appeals,
Second Circuit.

Argued Feb. 16, 1973.

Decided May 2, 1973.

Sheila Ginsburg, New York City (Robert Kasanof, The Legal Aid Society, New York City, of counsel), for appellant.

Liam S. Coonan, Sp. Atty., Dept. of Justice, Brooklyn, N. Y. (Robert A. Morse, U. S. Atty., E.D. New York, and Sidney M. Glazer, Atty., Dept. of Justice, Washington, D. C., of counsel), for appellee.

Before FRIENDLY, Chief Judge, OAKES, Circuit Judge, and DAVIS, Judge.*

OAKES, Circuit Judge:

This case involves an attempt by a federal district judge to avoid the two month or so delay, usual in his district (and others), in obtaining presentence reports, by sentencing immediately at conviction subject to subsequent revision. While the attempt was laudable in aim, and the statutes and rules of criminal procedure might be amended so as to permit the flexibility here sought, we cannot agree that the sentencing was proper under existing law.[1]

---

* Of the United States Court of Claims, sitting by designation.

1. We are advised that in at least two other cases, if not as a general rule, Judge

Appellant was tried and convicted on November 1, 1972, of dealing in firearms and ammunition without a license, 18 U.S.C. §§ 921, 922, having sold three guns to undercover Treasury agents and indicated a willingness and ability to supply other weapons.

During the jury's deliberations Judge Weinstein instructed appellant's counsel to inquire into his client's background as, in the event of a verdict of guilty, he intended to impose sentence immediately, although he said that appellant could move for a reduction of sentence after the "presentence" report was filed. Defense counsel objected to the procedure and the court said:

> I don't believe in delaying these cases particularly in a situation where in my opinion the man had perjured himself before me . . . If I don't sentence him, you can't appeal. I am not going to have these things dragged on for years. It now takes two months for a probation report, it might be different if I could get the probation report within a reasonable time.

After the verdict, defense counsel advised the court of appellant's health situation, including his diabetes and a serious heart condition. He also referred to the hospitalization of appellant's elderly mother, the pending eviction of the family, appellant's record of honorable military service and lack of a criminal record, as well as appellant's employment as a chef until disabled.

The Government advised the court of the seriousness of the crime, that there was "informant information" that appellant was "heavily in the firearm business," that he had had three arrests, and that he was "a real danger to the public in that he is a funnel and channel for illicit firearms." After a further statement by defense counsel about the arrests, the court forthwith sentenced appellant to four years' imprisonment, and advised him to file a motion to reduce his sentence after the appeal contemplated by counsel. The court then said it would consider at that time his cooperation with the Government during the interim up to "the time of the reduction of sentencing" and released appellant on bail in view of his health problem.

 What we have to say in no way is intended to constitute interference with a district judge's broad sentencing powers, which still include under the plain language of Fed.R.Crim.P. 32(c)(1)[2] the power in his discretion not to order any presentence report, even in a serious felony case. United States v. Deas, 413 F.2d 1371, 1373 (5th Cir. 1969); King v. United States, 410 F.2d 1127, 1128 (9th Cir. 1969); United States v. Visconti, 261 F.2d 215, 217 (2d Cir. 1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 762 (1959); United States v. Schwenke, 221 F.2d 356, 358 (2d Cir. 1955). *See* 2 C.

---

Weinstein has initiated this practice of sentencing at the time of verdict subject to revision upon receipt of the presentence report.

2. Rule 32(c)(1) provides:
 The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty.

It is proposed, however, to amend this rule to permit the court to dispense with a presentence report only if the maximum penalty is one year or less, or if the defendant has two or more felony convictions, or if the defendant refuses to be interviewed or requests that sentence be imposed without a report, or if it is impracticable to verify the defendant's background. Proposed Amendments to the Rules of Criminal Procedure for the United States District Courts, Rule 32.2 (a), 48 F.R.D. 614 (preliminary draft 1970). *See also* ABA Project of Standards for Criminal Justice, Sentencing Alternatives and Procedures § 4.1(c) at 206 (1968).

Wright, Federal Practice and Procedure § 522 at 389–90 (1969).[3] Our own United States v. Warren, 453 F.2d 738, 743–744 (2d Cir.), cert. denied, 406 U.S. 944, 92 S.Ct. 2040, 32 L.Ed.2d 331 (1972), however, makes it very plain that dispensing with a presentence report should be done very rarely and then only if accompanied with a statement of the reasons therefor. Here there was no order that a presentence report be dispensed with. Thus, the question is whether, subject to revision on an application under Fed.R.Crim. P. 35 for reduction of sentence,[4] the court could properly sentence *before* the report was received.

There are several vices which the judge's innovative procedure would foster if it became a practice. These we believe outweigh the gain of despatch occurring when sentence is imposed and judgment entered promptly after verdict.[5] First, a given judge's mind might tend to become intransigent; once having made a sentencing determination in the absence of a presentence report, there would be a tendency, we feel, not to change that determination. In saying this we by no means have particular reference to this judge, who to the contrary is well known for careful consideration of individual circumstances.

Second, the sentencing judge might not himself be available at the time the Rule 35 application for reduction is made, for in this vale of tears, death, disability, promotion and retirement are all at the turn of fortune's wheel. A second judge hearing the motion for reduction out of respect for a fellow judge's views would be naturally disinclined to alter the sentencing judge's sentence. Third, were this a practice to be followed the natural inclination would be to impose the larger sentence in the range of possible sentences since subsequently on a motion for reduction sentence could not be increased. In some cases, this may impose unnecessary mental anguish; in others, even the larger sentence may prove not large enough in the light of information disclosed in the presentence report. Fourth, a sentence imposed in what is sometimes the heat at the close of a trial may not carry with it the cool objective reflection that the complex sentencing process, *see* M. Frankel, Criminal Sentences 26–37 (1973), necessarily must entail to be effective. Indeed, the sentence here was rendered at some time after 6:00 p. m. immediately after the jury returned its verdict. Fifth, this course may lead to a bailable defendant taking an appeal, often at the Government's expense, that might not otherwise be taken, as appar-

3. Of course, the exercise of any act of discretion, including this one, may be an abuse in a given situation. United States v. Hazelrigg, 430 F.2d 580, 583 (8th Cir. 1970). *Cf.* Leach v. United States, 115 U.S.App.D.C. 351, 320 F.2d 670 (1963). *See also* United States v. Spadoni, 140 U.S.App.D.C. 376, 435 F.2d 448 (1970); ABA Project, *supra* note 1, § 4.1(b) at 204–06 (1968). We generally agree with Judge Frankel's recent statement that "whatever its defects, the presentence investigation is indispensable in any sentencing scheme that does not treat the infinite varieties of people as entirely fungible. This means . . . that [district judges] could not pretend at all to any measure of sense in sentencing without the basic presentence investigation." M. Frankel, Criminal Sentences 35 (1973). It may be that, at least by agreement of counsel, in an appropriate case delay in sentencing could be avoided and all necessary information secured for the court, without resort to a full presentence report. The same beneficial result could be accomplished, presumably, by making greater resources available to the probation department.

4. This Rule provides in pertinent part:
 The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari.

5. Judgment may not enter until sentence, under Fed.R.Crim.P. 32(b).

ently was the case here; this is not what is most needed by the courts of appeal.

Finally, it should be pointed out, Rule 32 calls for a *pre*sentence report, not a report for post-sentence review.

■ Nor are these reasons countered by what the sentencing judge expressed were factors underlying his determination to sentence immediately here—that the appellant had lied in court and that he might cooperate with the Government in connection with weapons sources. These factors may be taken into account upon sentencing at the proper time and there was nothing to prevent the court from speaking to the defendant of cooperation at the close of the case.

■ The Government argues nevertheless that there is no indication of harm to this appellant. Were it our province, we would agree that the sentence does not seem in the least undue under the circumstances set forth to this point in the record. The judge elicited from defense counsel mitigating factors. But we may query whether the same mitigating factors would carry the same weight coming from defense counsel at the conclusion of the case as they would in a report of the probation department. We query also whether a defendant with the emotional strain necessarily present at the immediate conclusion of a criminal trial is fully prepared to inform counsel of all relevant mitigating factors. And in any event, the two months' delay entailed by the probation department's preparation of a report in the Eastern District of New York is hardly the kind of discretionary factor that, under United States v. Warren, *supra,* would warrant non-use of any presentence report. *Cf.* United States v. Brown, 470 F.2d 285, 288 (2d Cir. 1972); United States v. Fields, 466 F.2d 119, 121 (2d Cir. 1972).

We reverse the judgment below and remand for resentencing in the light of the presentence report which we understand is available now.

Reversed and remanded.