**UNITED STATES of America,**
**Appellee,**

v.

**HENG AWKAK ROMAN, a/k/a Roman and Lee Koo, a/k/a Lee, a/k/a Lanky Lee, Defendants-Appellants.**

**Nos. 1109, 1117, Dockets 73–1483, 73–1484.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 16, 1973.

Decided Sept. 26, 1973.

Franklin B. Velie, Asst. U. S. Atty., New York City (Paul J. Curran, U. S. Atty., S. D. N. Y., John D. Gordan, III, Asst. U. S. Atty., of counsel), for appellee.

Clendenen & Lesser, New Haven, Conn. (David M. Lesser, William H. Clendenen, Jr., New Haven, Conn.) for defendants-appellants.

Before MULLIGAN, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

The defendants here were indicted for conspiracy to possess and distribute and to import narcotic drugs into the United States in violation of Title 21, United States Code, Sections 846 and 963, and also for unlawful possession for distribution of 2.5 kilograms of heroin in violation of Title 21, United States Code, Sections 812 and 841. A four-day nonjury trial before Hon. Frederick van Pelt Bryan, United States District Judge, Southern District of New York, resulted in a guilty verdict on the conspiracy charges. The court reserved decision on the substantive counts and eventually found both defendants guilty of an attempt to commit the substantive crime, writing an opinion which is reported as United States v. Heng Awkak Roman, 356 F.Supp. 434 (S.D.N.Y.1973). This is an appeal from these judgments.

We are persuaded by the opinion below that the defendants were properly convicted of an attempt to commit the substantive crime which was charged in the indictment. We see no purpose in adding to the scholarly discussion and survey of the authorities by Judge Bryan on this rather esoteric question. On this appeal it is urged that the district court which sentenced each defendant to the maximum of 15 years on each of the two counts to run consecutively, abused its discretion in refusing to order and consider a pre-sentence report. At the time of sentencing the trial judge stated for the record that the Chief Probation Officer had advised the court that since the defendants lived in Singapore and Malaysia and had never been in the United States prior to their arrest, that department could not supply any information which would be helpful in determining the sentence. The judge stated that he agreed with that assessment. There does not seem to be any doubt but that the defendants were proposing a large scale drug operation in the United States and had previously engaged in a similar business in the Orient. Fed.R.Crim.P. 32(c)(1) does not mandate the preparation of a pre-sen-

tence report but leaves the matter in the discretion of the trial judge. United States v. Manuella, 478 F.2d 440 (2d Cir. 1973) and United States v. Frazier, 479 F.2d 983 (2d Cir., May 17, 1973), involved distinguishable situations where the trial judge sentenced without benefit of pre-sentence reports, not because he considered them to be of no value, but because of his impatience with the time it took for their preparation. Under these circumstances, this court disapproved the practice of immediately sentencing a defendant subject to a later Rule 35 motion for reduction within 120 days. Here, an experienced trial judge, after consultation with the Chief Probation Officer, was persuaded that nothing fruitful could be developed in view of the fleeting presence of the defendants in this country. The possibility that these defendants might be assisted by inquiries abroad is belied by a letter to the Bureau of Narcotics and Dangerous Drugs which was read into the record just before sentencing. The Director, Central Narcotics Bureau, Singapore, stated in the letter that the "nefarious" activities of these defendants had been known for sometime. He stated that both were affiliated with a big international drug syndicate which operates from Malaysia. Under the circumstances, we find no abuse of discretion. See United States v. Warren, 453 F.2d 738, 743–744 (2d Cir.), cert. denied, 406 U.S. 944, 92 S.Ct. 2040, 32 L.Ed.2d 331 (1972), where Judge Smith suggested it would be wise for trial judges "to state on the record the reasons" for dispensing with a pre-sentence report. Here Judge Bryan did just that. We have considered the other points made on this appeal and find them to be without merit.

Affirmed.

OAKES, Circuit Judge (concurring):

I concur.

This case may present the one situation in which a heavy sentence may be imposed without the benefit of a presentence report in the discretion of the judge under Fed.R.Crim.P. 32(c)(1). The trial judge here also stated his reasons for sentencing without a presentence report as he was required to do by United States v. Warren, 453 F.2d 738, 744 (2d Cir.), cert. denied, 406 U.S. 944, 92 S.Ct. 2040, 32 L.Ed.2d 331 (1972).

Under the proposed amendments to the Rules of Criminal Procedure for the United States District Courts, Rule 32.-2(a), 48 F.R.D. 614, generally requires a presentence report wherever there is a possible sentence of more than one year in prison; one exception to the general rule, however, is that the presentence report may be dispensed with if it is impracticable to verify the defendant's background. And the ABA Standards Relating to Sentencing Alternatives and Procedures, Approved Draft 1968, § 4.-1(c), at 207, recognize that ". . . it is not feasible at this time to require a presentence report in every case. . . ."

It could be argued, on the other hand, that appellants' absence by half the globe from their home is not a compelling reason for the probation office omitting at least to attempt to gather some information about them or at the very least to interview appellants themselves to obtain at least minimal information. Just as we in the United States would want to see our nationals given fair consideration by sentencing authorities abroad, so too must we give fair consideration to those from remote lands. Even one year less in prison to a man who is serving 30 years can mean a great deal.

This may be a situation, however, in which it is more practicable to develop information about the offenders after their incarceration. In concurring with the judgment of the court, I would express the hope that these offenders—regardless of the nature of their crime—at least be given the opportunity to present favorable data in their own behalf, if any there be.