UNITED STATES of America, Plaintiff,

v.

Robert DEANGELIS, and Elizabeth Page Wade, Defendants.

Crim. No. 76–67.

United States District Court,
D. Puerto Rico.

Oct. 26, 1976.

José A. Quiles, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Luis Carbone, Jr. (Appointed counsel) Río Piedras, P. R., for defendants.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This case is now before this Court upon defendants' motion to quash and/or dismiss the indictment filed on May 4, 1976. Both parties have filed memoranda in support and in opposition to said motion to dismiss. The Court being duly advised on the premises of this case, and for the purpose of this motion to dismiss, finds as follows:-

On or about April 12, 1976, the defendants in this case arrived at the Isla Verde International Airport from Colombia. After the primary baggage inspection, both defendants went into the bathrooms located within the Customs Enclosure Area. Due to their suspicious conduct, they were closely surveilled. Upon leaving the rest rooms, they were subjected to a second baggage inspection where the Customs Patrol Officer found rubber containers containing a white powder that gave positive to cocaine in the field test therein performed. Both defendants were placed under arrest after being advised of their constitutional rights. (See the Magistrate's Findings and Defendants' Memorandum in Support of their Motion to Dismiss).

On the way to the Drug Enforcement Administration's office, both defendants admitted carrying the cocaine and that they were to be paid for it. (See the Magistrate's Findings).

After a laboratory analysis was made of the white powder occupied, it disclosed that the same was procaine hydrochloride, an uncontrolled substance.

Both defendants were indicted, charged with violating Section 963 of Title 21, United States Code, to attempt to import cocaine.

Defendants allege in support of their motion to dismiss that as the substance they carried into the United States was not a controlled substance, therefore, not a crime, they cannot be charged for an attempt to commit a crime that they could not have committed.

Section 963 of Title 21, United States Code, reads as follows:

"Any person who attempts or conspires to commit any offense defined in this subchapter is punishable  . . . "

Section 952 of Title 21, United States Code makes it unlawful to import into the United States from outside a controlled substance therein listed, including cocaine.

The crime of attempt has not been defined by Congress, nor its elements clearly specified. Whether the objective act which constitute the substantive crime shall be present to constitute the crime of attempt, or whether defendants' intention only to commit the substantive crime constitute the crime of attempt has not been uniformly determined.

The defense of impossibility to commit the substantive crime in attempt cases has been the subject of study and of diverse opinions. The problem seems to be what is the difference between legal and factual impossibility, the latter being no defense to a charge of attempt.

■ "Legal impossibility" denotes conduct where the goal of the actor is not criminal, although he believes it to be. While "factual impossibility" denotes conduct where the objective is proscribed by the criminal law, but a circumstance unknown to the actor prevents him from bringing it about.[1]

Some state court cases have labelled the situation as one of legal impossibility and sustained the defense: *People v. Jaffe,* 185 N.Y. 497, 78 N.E. 169 (1906),[2] a person who accepts goods which he believes to be stolen, but which are not in fact stolen, is not

1. *U. S. v. Heng Awkak Roman,* 356 F.Supp. 434, (S.D.N.Y.1973), aff'd 484 F.2d 1271 (2 Cir. 1973), cert. denied 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874 (1974). See: La Fave & A.

Scott Handbook on Criminal Law (2d Ed.) 1972, pp. 441–443.

2. Chiefly relied on by the defendants.

guilty of attempting to receive stolen goods; *State v. Taylor,* 345 Mo. 325, 133 S.W.2d 336 (1939), a person who offers a bribe to one whom he believes to be a juror but who was not a juror, is not guilty of attempting to bribe a juror; see also: *State v. Guffey,* Mo.App., 262 S.W.2d 152 (1953). Other courts in analogous situations have concluded that the impossibility was factual: *State v. Mitchell,* 170 Mo. 633, 71 S.W. 175 (1902), a person who fires a gun at a bed, thinking it to be occupied by a man, is guilty of attempted murder, even though the bed is empty; *People v. Siu,* 126 Cal. App.2d 41, 271 P.2d 575 (1954),[3] a person who possesses a substance thinking it is narcotics, is guilty of attempted possession, notwithstanding that the substance is in fact talcum powder; *People v. Cummings,* 141 Cal.App.2d 193, 296 P.2d 610 (1956),[4] a person who introduces instruments into a woman for the purpose of producing an abortion is guilty of attempting an abortion even though the woman is not pregnant.[5]

Other circumstances where it has been held to constitute an attempt are: defendant who placed bet on a horse which had previously been scratched held guilty of attempt to bet on a horserace, *O'Sullivan v. Peters,* SR 54 (South Australia 1951); reaching into empty pocket constitutes attempt to steal from pocket, *Regina v. Ring,* 66 LTR 300, 17 Cox CC. 491 (England 1892); see also: *People v. Moran,* 123 N.Y. 254, 25 N.E. 412 (1890); *People v. Fiegelman,* 33 Cal.App.2d 100, 91 P.2d 156 (1939); defendants who had nonconsensual sexual intercourse with a woman who was dead, although they believed her to be alive, held guilty of attempted rape, *U. S. v. Thomas,* 13 U.S.C.M.A. 278, 32 C.M.R. 278 (1962); defendant found guilty of attempted murder where he pointed a gun at another,

believing it to be loaded when in fact it was not loaded, and pulled the trigger, *State v. Damms,* 9 Wis.2d 183, 100 N.W.2d 592 (1960).[6]

Although the doctrine of impossibility was held inapplicable in the case of *Osborn v. U. S.,* 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394 (1966), the Supreme Court indicated some doubts as to the continuing validity, the doctrine of "impossibility", with all its subtleties, may continue to have in the law of criminal attempt, *Ibid.,* p. 333, 87 S.Ct. 429.

The first federal case in point was *U. S. v. Heng Awkak Roman,* supra. The defendants therein arranged with a person in Singapore to bring heroin into the United States. This person who turned to be an informer working for the United States Government, once he had the suitcase containing the heroin delivered to him by the defendants, turned it to a Government agent. The heroin was substituted with soap powder and then it was brought to the United States. The informer flew to the United States where he picked up the suitcase containing soap powder and placed it in a locker at the airport from where the defendants picked it up as it was previously arranged. The defendants were arrested when they attempted to sell the contents of the suitcase and were subsequently found guilty of attempted possession with intent to distribute heroin. The Court concluded that the impossibility was factual. However, notwithstanding how it might be characterized, since the defendants' objective was criminal, the Court stated that impossibility was not a defense. In this case, due consideration was given to the Model Penal Code, Section 5.01(1) (1962),[7] and other law treaties. This case was affirmed by the Second Circuit, 484 F.2d 1271 (1973), and

---

**3.** Relied on by the Government.

**4.** Also cited by the Government.

**5.** See: *United States v. Oviedo,* 525 F.2d 881 (5 Cir. 1976); 37 A.L.R.3d 375.

**6.** See: *U. S. v. Heng Awkak Roman,* supra, at p. 437. For other state court cases see: *U. S. v. Hair,* 356 F.Supp. 339 (D.C.1973).

**7.** "A person is guilty of an attempt to commit a crime, if acting with the kind of culpability otherwise required for the commission of the crime, he . . . purposefully engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be . . . ."

certiorari denied by the Supreme Court, 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874 (1974).

In *U. S. v. Conway*, 507 F.2d 1047 (1975), the Fifth Circuit held that the defense of impossibility does not apply to a charge of attempt, by means of explosives, to bomb a building affecting interstate commerce where the alleged coparticipant was a government informer who turned the defendant to the police. Without further discussion on this point, the Court held that as appellant had completed his personal involvement in the case and all that was left for him to do was sit back and watch the bombing take place, the proposed activity by the defendant was unquestionably illegal.

In the case of *U. S. v. Marin*, 513 F.2d 974 (2 Cir. 1975), the defendant purchased what he thought was cocaine from a government informer who instead faked the existence of the drug. The Second Circuit found that the defendant had "formed" a belief as to what was in the package, and citing from the previous case of *Roman,* held that an attempt was established when the defendant's actions would have constituted the complete crime if the surrounding circumstances were as he believed them to be.

In turn, in the case of *U. S. v. Hair,* supra, the District Court for the District of Columbia placed in the legislature and not in the courts the responsibility to remedy the lack of uniformity among the states' courts on this matter. In this case, the defendant received what he thought was a stolen television set, when it really was not. The Court adhered to the rationale of the *Jaffe* case and concluded that no crime was committed since an unsuccessful attempt to do that which is not a crime could not be held to be an attempt to commit the crime specified.

In the case of *U. S. v. Berrigan*, 482 F.2d 171 (3 Cir. 1973), the defendants were charged with attempting to smuggle letters into or out of a federal correctional institution; yet, unknown to the defendants, the warden knew of the smuggling. The Third Circuit, although recognizing the modern trend and efforts made to remove the defense of impossibility in attempt cases, was of the opinion that this trend must be kept in perspective, and as long as the federal law remains as it is now, the element of the "external, objective situation which the substantive law requires to be present" in attempt cases, must be present.[8]

Finally, the Fifth Circuit considered this matter in the case of *U. S. v. Oviedo,* 525 F.2d 881 (1976). In this case, the defendant sold heroin to an undercover agent. Immediately he was placed under arrest and a search was executed in his residence finding a similar substance hidden in a television set. After a chemical analysis of the substance confiscated it turned to be·procaine hydrochloride, an uncontrolled substance. Defendant was charged with attempt to distribute heroin. The Court considered both *Roman* and *Berrigan's* cases stating that if *Roman* would apply, the Court would not be concerned with any theoretical distinction between legal and factual impossibility, but would affirm the conviction since defendant's objective was criminal. In the other hand, if *Berrigan* would apply, the Court would look solely to the physical act which the defendant "intended", the transfer of the procaine in his possession, and the Court would conclude that since the transfer of procaine is not criminal, no offense is stated. Therefore, "the choice (was) between punishing criminal intent without regard to objective acts, and punishing objective acts, regarding intent as immaterial." *Ibid.* at p. 884.

The Court went on to say that "a strict application of the Berrigan approach would eliminate any distinction between factual and legal impossibility, and such impossibility would always be a valid defense, since the 'intended' physical acts are never criminal [; while] the Roman approach turns the attempt statute into a new substantive criminal statute where the critical element to be proved is *mens rea spliciter.*"

8. See this case for a complete analysis of all proposed legislation on this matter.

Although there was no doubt about defendant's criminal intent in the *Oviedo* case, the Court rejected the *Roman's* approach because of the "inherent dangers such a precedent would pose in the future", *Ibid.* at p. 884. The Fifth Circuit was of the opinion that the requirement of an objective act of the defendant, such as if the substance was heroin, would corroborate the *mens rea;* while, absent this requirement, persons engaged in innocent acts may be subject to convictions on the basis of a *mens rea* proved through speculative inferences, unreliable forms of testimony, and past criminal conduct.

Therefore, the Fifth Circuit in the *Oviedo* case held that for a defendant to be guilty of a criminal attempt, the objective acts performed, without any reliance on the accompanying *mens rea,* should mark the defendant's conduct as criminal in nature. "The acts should be unique rather than so commonplace that they are engaged in by persons not in violation of the law".

Applying this test to the facts in the *Oviedo* case, where the defendant stated that he was going to sell heroin, yet instead he sold another thing, the Court concluded that in the absence of any other objective act of the defendant, they could not infer that the defendant intended to do what he said, when he in fact did something else.

After careful analysis of the cases of *Roman, Berrigan* and *Oviedo,* we find that the Fifth Circuit in the *Oviedo* case chooses a middle point between the *Berrigan* and the *Roman* approach. The Court in the *Oviedo* case does not require that the substance be in fact a controlled substance to find defendant guilty of attempt, although it considers that this fact would be a strong objective fact to corroborate the defendant's criminal intent. Nevertheless, the Fifth Circuit does require, aside from defendants' manifestation of its criminal intent, such an objective act of the defendant which would corroborate its manifested criminal intent without any reasonable doubt. Following the *Oviedo* approach to the problem of impossibility in criminal attempts, each case would depend on its particular facts.

We have closely followed the reasonings beside each of these cases. If we are to apply the definition of legal or factual impossibility to the case at bar, we would conclude that defendants' impossibility to consummate their crime was factual: a circumstance unknown to them, (the fact that the substance was not cocaine), prevented them from committing the substantive crime.

If we were to follow the *Roman* approach, since the objective of the defendants herein was to smuggle cocaine into the United States, constituting it a crime, the impossibility to consummate their objective is not a defense to criminal attempt.

In turn, if we were to follow the *Berrigan* approach, we would have to conclude that no criminal attempt is here involved, as what the defendants in fact introduced into the United States was an uncontrolled substance.

If we apply the test enunciated in the case of *Oviedo,* we would have to consider all other objective acts of the defendants herein, aside of their admission of having knowledge of the existence of the cocaine and that they were to be paid for it, to determine whether all other objective acts are such that will corroborate defendants' criminal intention without reasonable doubt.

After careful consideration of all possible approaches to the doctrine of impossibility on criminal attempts, we are of the opinion that the defendants need not introduce in fact a controlled substance into the United States to be found guilty of attempt to introduce a controlled substance. Otherwise, the defendants would not be charged with attempt to commit the substantive crime, but with committing the substantive crime. The criminal intention to commit the substantive crime, clearly evidenced by all the objective acts of the defendants, including their admission and the surrounding circumstances, together with the fact that the crime was not consummated due to an external fact, are suf-

ficient to charge the defendants with an attempt to introduce a controlled substance into the United States.

The fact that the substance turned out not to be a controlled substance, and defendants' admission of their criminal purpose, shall be taken in consideration together with all other objective acts of the defendants to determine their criminal intent. Independent proof of intent is not necessary to corroborate defendants' admission of criminal intent as the *Oviedo* case requires.

 It should be noted that intent, like knowledge, can rarely be proved by direct evidence. Generally, it depends on the inferences that can reasonably be drawn from all the evidence, including the defendants' own testimony. *United States v. Dorman,* 496 F.2d 438, 440 (4 Cir. 1974); cert. denied 419 U.S. 945, 95 S.Ct. 214, 42 L.Ed.2d 168; see also: *United States v. Jones,* 486 F.2d 476 (8 Cir. 1973); cert. denied 415 U.S. 917, 94 S.Ct. 1415, 39 L.Ed.2d 472.

Thus, we are of the opinion that the defendants may be found guilty of an attempt to smuggle cocaine into the United States if all the objective acts of the defendants prove without reasonable doubt that the defendants did in fact have the criminal intent to introduce cocaine into the United States instead of what they really introduced. This question, as all questions of fact, is for the jury to determine.

Under a motion to dismiss, the sole function of the Court is to test the sufficiency of the indictment to charge an offense, *United States v. Luros,* 243 F.Supp. 160 (N.D. Iowa, 1965).

The indictment charges that the defendants "knowingly and intentionally, aiding and abetting each other, did attempt to import approximately 276-5 grams of cocaine, a Schedule II Narcotic Drug Controlled Substance into the United States from Colombia."

Taking all well pleaded facts as true, *U. S. v. South Florida Asphalt Co.,* 329 F.2d 860 (5 Cir. 1964); *U. S. v. Luros,* supra, and in view of the foregoing conclusion, this

Court finds that the indictment charges an offense of attempt to introduce a controlled substance into the United States.

Wherefore, defendants' motion to quash and/or dismiss the indictment is hereby denied.

IT IS SO ORDERED.