## Commonwealth v. Bowser

*C. Joseph Rehkamp, District Attorney,* for Commonwealth.
*William R. Bunt,* for defendant.

MYERS, *P.J.*, October 2, 1979—Defendant is charged with two counts of criminal attempt, in violation of the Crimes Code, 18 Pa.C.S.A. §901. Defendant has filed a motion to quash, which is now before the court for disposition.

The information charges that defendant delivered caffeine and pseudoephedrine to officers of the Pennsylvania State Police. Neither caffeine nor pseudoephedrine is a controlled substance proscribed under The Controlled Substance, Drug, Device and Cosmetic Act. The information further charges, however, that defendant represented the substance to be amphetamine, which is a Schedule II controlled substance.

Defendant contends as a matter of law that he cannot be found guilty of an attempt to deliver a controlled substance under these circumstances. Defendant asserts that the delivery of caffeine and pseudoephedrine is not a crime and that the present charges must therefore be dismissed, based upon the doctrine of legal impossibility.

Defendant's reliance upon an impossiblity defense as a matter of law is without merit. According to 18 Pa.C.S.A. §901, "[i]t shall not be a defense to a charge of attempt that because of a misapprehension of the circumstances it would have been impossible for the accused to commit the crime attempted."

This provision is directly derived from section 5.01 of the Model Penal Code, 10 U.L.A. §5.01. The proponents of the Model Penal Code report that this provision was specifically intended to eliminate legal impossibility as a defense to an attempt charge.

The official comment to the Model Penal Code states that section 5.01 was intended to reverse the results in cases where attempt convictions had

been set aside on the ground that it was legally impossible for the actor to have committed the crime contemplated. Such cases include State v. Guffey, 262 S.W. 2d 152 (Mo. App. 1953), where it was held that a hunter who shot a stuffed deer, believing it to be alive, was not guilty of killing a deer out of season , and United States v. Berrigan, 482 F. 2d 171 (3d Cir. 1973), where a prisoner was acquitted of attempting to smuggle mail without the warden's knowledge, since the warden, unknown to the prisoner, was aware of the sending and receipt of the letters.

The basic rationale of this line of decisions is that, judging the actor's conduct in the light of the actual facts, what he intended to do did not amount to a crime. "[A]ttempting to do that which is not a crime is not attempting to commit a crime." Berrigan, at 190; accord, United States v. Hair, 356 F. Supp. 339 (D.C. Cir. 1973).

However, the authors of the Model Penal Code find this approach to be deficient: "This approach, however, is unsound in that it seeks to evaluate a mental attitude—'intent' or 'purpose'—not by looking to the actor's mental frame of reference, but to a situation wholly at variance with the actor's beliefs. In so doing, the courts exonerate defendants in situations where attempt liability most certainly should be imposed." Tentative Draft No. 10, quoted in Toll, *Pennsylvania Crimes Code Annotated*, 219 (1974).

Since the Model Penal Code's rejection of the "impossibility" defense has been adopted by the Pennsylvania legislature in the form of 18 Pa.C.S.A. §901(b), defendant's motion to quash must be dismissed. Although defendant's completed act did not constitute a crime, he may nonetheless be found guilty of criminal attempt.

In order to convict the defendant, however, it is the Commonwealth's burden to prove beyond a reasonable doubt that the result desired or intended by defendant constituted a crime. If, according to his beliefs as to facts and legal relationships, the result desired was not a crime, then the defendant cannot be found guilty of attempt. The resolution of these matters, of course, must await the outcome of the trial.

### ORDER

And now, October 2, 1979, defendant's motion to quash is hereby dismissed.