**UNITED STATES of America**

v.

**Khaled Mohammed EL–JASSEM, Defendant.**

**No. CR 73–500(JBW).**

United States District Court, E.D. New York.

March 9, 1993.

Mary Jo White, U.S. Atty. by Charles Rose, Brooklyn, NY, for U.S.

William M. Kunstler, Ronald L. Kuby, New York City, for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

The jury found defendant guilty of three attempted uses of car bombs in New York City in March 1973. To protect the rights of the defendant, the court, on its own motion, issues the following memorandum and order:

### 1. *Sentence*

Sentence is to be imposed "without unreasonable delay." Fed.R.Crim.P. 32(a)(1). The court may, in the exercise of its discretion, impose sentence in the absence of a presentence report when it has "information sufficient to enable the meaningful exercise of sentencing discretion." Fed.R.Crim.P. 32(c)(1). *See United States v. Warren,* 453 F.2d. 738 (2d Cir.1972). Use of a presentence report, however, is recommended. *See id.* at 744; *United States v. Manuella,* 478 F.2d 440 (2d Cir.1973). In the instant case the court will require a presentence report to fully protect defendant's rights.

The indictment has been pending against defendant for twenty years while he has apparently remained abroad. Defendant left the United States by air shortly before the bombs were to have exploded.

Recently apprehended in Rome, he was escorted back to the United States to face trial. Prompt final disposition is desirable. Probation is requested to expedite the presentence report.

Defendant allegedly was living in Cypress and has roots abroad. The United States Attorney and Probation will assist him and defense counsel in obtaining any documents that the defendant thinks are relevant to his sentence.

Following preparation of the presentence report, a copy in English shall be furnished to defendant and to his counsel. The defendant shall also be furnished with a written copy in Arabic, translated as a CJA expense. See *United States v. Mosquera et al.,* 816 F.Supp. 168 (E.D.N.Y.1993).

The sentencing date shall be twenty days after the Arabic copy is presented to defendant. This is a longer time than is required under pre–Guidelines practice. Even though the Guidelines are not applicable, the court, to protect defendant, will apply the more favorable post–Guideline practice.

Were the Sentencing Guidelines applicable, the following timetable would apply:

*Disclosure of report; objections.* At least 20 days prior to the date set for sentencing, the probation officer shall disclose the presentence report to the defendant, counsel for the defendant, and the Government. Within ten days thereafter counsel shall communicate to the probation officer any objections they may have as to any material, information, sentencing classification, sentencing guideline ranges, and policy statements contained in or omitted from the report.

Order, *In the Matter of Adopting a Policy to Implement the Sentencing Guidelines in the Eastern District of New York,* (E.D.N.Y. Nov. 24, 1987). Defendant is granted ten days from the time of service of the Arabic copy to object in writing to the report in accordance with post-Guidelines practice.

The date for sentence had been set for March 17 with consent of counsel. Based upon the above schedule this date will need to be extended. The parties shall arrange with Case Coordinator June Lowe for a sentencing date at the earliest time practicable consistent with this order.

### 2. *Juror Notification*

Names and addresses of the jurors have not been made available to the public. The trial was held while the jury was sequestered.

Ms. Lowe shall send to each juror and alternate juror the following letter:

Dear Juror:

Re: *United States v. Khaled Mohammed El–Jassem,* CR73–500

You will recall that the court ordered you not to discuss the case with any person except as ordered by the court. This order was designed to ensure that no inadvertent remark affected the jury during its deliberations.

Now that the verdict has been rendered you are free to discuss the matter with anyone you wish. The court strongly suggests that you do not reveal the names or addresses or the views of other jurors.

As a general matter, the public is entitled to a full revelation of what transpires in the courtroom, but not what goes on in the jury room. *See Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555 [100 S.Ct. 2814, 65 L.Ed.2d 973] (1980); Fed. R.Evid. 606(b).

In considering whether you want to discuss this matter with anyone or whether your name and address should be released by being placed in the public record, consider the interest of the public and press in information respecting trials and the rights of individual jurors to privacy.

Should you wish to have your name and address placed in the public file, please so indicate in a letter using the enclosed self-addressed, franked envelope. If you do not respond it will be assumed that you do not wish to have your name and address placed in the public file.

On behalf of all those involved in the case, I express our sincere thanks for your participation in this case.

With all best wishes, I remain,

Sincerely yours,

Jack B. Weinstein
United States District Judge

SO ORDERED.